Bradley PEAVER, Appellant–
Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 02A03–1004–PC–255.

Court of Appeals of Indiana.

Nov. 24, 2010.

Bruce D. Brattain, Mario Garcia, Brattain & Minnix, Indianapolis, IN, Attorneys for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, Michael Gene Worden, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

NAJAM, Judge.

### STATEMENT OF THE CASE

After Bradley Peaver initiated a direct appeal of his conviction for Child Exploitation, a Class C felony, he filed a *Davis/Hatton* petition,[1] which this court granted. Peaver then filed a petition for post-conviction relief alleging ineffective assistance of trial counsel, which the post-conviction court denied. Peaver now appeals the denial of post-conviction relief. And Peaver reinstates his direct appeal and raises the following issues for our review:

1. Whether the trial court abused its discretion when it admitted testimo-

---

1. The *Davis/Hatton* procedure involves a termination or suspension of a direct appeal already initiated, upon appellate counsel's motion for remand or stay, to allow a post- conviction relief petition to be pursued in the trial court. *Taylor v. State,* 929 N.E.2d 912, 917 n. 1 (Ind.Ct.App.2010), *trans. denied.*

ny under the Protected Person Statute.

2. Whether the State presented sufficient evidence to support his conviction.

We affirm.

## FACTS AND PROCEDURAL HISTORY

From at least late 2005 through 2007, Peaver lived with his girlfriend, T.W., and her minor daughter, M.W. in Fort Wayne. Peaver's son, B.P., also lived with them. On December 5, 2007, T.W. discovered a videotape depicting M.W. naked from the waist-down, including a close-up depiction of her vagina. When T.W. confronted M.W. about the videotape, M.W. stated that Peaver had told her to take her underwear off and had made the videotape. T.W. immediately contacted police.

T.W. showed the responding police officer the videotape, and he confiscated it. Meanwhile, M.W. was transported to the Child Advocacy Center, where Danielle Goewert, a forensic interviewer, conducted an interview with M.W., which was recorded onto a DVD. Police arrested Peaver later that night.

The State charged Peaver with child exploitation, a Class C felony. Prior to trial, the State filed its Notice of Intent to Use Statements of Protected Person under Indiana Code Section 35–37–4–6, whereby the State advised Peaver that it would proffer the following evidence at trial: M.W.'s statement to Goewert at the Child Advocacy Center; and M.W.'s statements to T.W. The trial court granted the State's motion following a hearing. At trial, the State introduced those statements into evidence without objection by Peaver. The jury found Peaver guilty as charged, and the trial court entered judgment and sentence accordingly.

Peaver timely filed his notice of appeal but subsequently moved this court for leave to pursue post-conviction relief and to suspend or stay his direct appeal under the *Davis/Hatton* procedure. We dismissed Peaver's appeal without prejudice and remanded to the trial court for post-conviction proceedings. In his petition for post-conviction relief, Peaver alleged that he was denied the effective assistance of trial counsel, and he called his trial counsel to testify at the PCR hearing. The post-conviction court denied the petition. Peaver's appeal from the denial of his petition for post-conviction relief is now consolidated with his direct appeal as set out below.

## DISCUSSION AND DECISION

### Post–Conviction Petition

■ Initially, we note that Peaver asserts three separate grounds in support of his claim that he was denied the effective assistance of trial counsel. But, as the State points out, Peaver only included one of the claims delineated on appeal in his petition for post-conviction relief. The State contends that the two grounds not included in his petition for post-conviction relief are waived. *See Allen v. State*, 749 N.E.2d 1158, 1171 (Ind.2001) (holding issues not raised in the petition for post-conviction relief may not be raised for the first time on post-conviction appeal), *cert. denied*, 535 U.S. 1061, 122 S.Ct. 1925, 152 L.Ed.2d 832 (2002). In his reply brief, Peaver argues that he is entitled to allege separate grounds for his ineffective assistance of counsel ("IAC") claim in the context of his direct appeal, which is now reinstated pursuant to the *Davis/Hatton* procedure. Peaver's claims on appeal present us with an issue of first impression, namely, whether a defendant utilizing the *Davis/Hatton* procedure may simultaneously appeal the denial of his petition for post-conviction relief alleging IAC based

on one theory and assert IAC based upon another theory in his direct appeal. We hold that he cannot.

The use of the *Davis/Hatton* procedure, authorized by Indiana Appellate Rule 37, is encouraged "to develop an evidentiary record for issues that with reasonable diligence could not have been discovered before the time for filing a motion to correct error or a notice of appeal has passed." *Schlabach v. State,* 842 N.E.2d 411, 418 (Ind.Ct.App.2006), *trans. denied.* The *Davis/Hatton* procedure is particularly useful where, as here, a defendant needs to develop an evidentiary record to support a claim of ineffective assistance of trial counsel.

While the *Davis/Hatton* procedure does not prohibit the bifurcation of IAC claims between direct appeal and post-conviction relief, our Supreme Court has held that a defendant may not pursue an IAC claim in more than one proceeding. In *Woods v. State,* 701 N.E.2d 1208, 1220 (Ind.1998), *cert. denied,* 528 U.S. 861, 120 S.Ct. 150, 145 L.Ed.2d 128 (1999), our Supreme Court explained:

> As already noted, some grounds supporting an assertion of inadequate representation will not be reasonably knowable, much less fully factually developed, until after direct appeal. For the reasons given, the doors of postconviction must be open to adjudicate ineffective assistance if it is not raised on direct appeal. *The defendant must decide the forum for adjudication of the issue— direct appeal or collateral review. The specific contentions supporting the claim, however, may not be divided between the two proceedings. The administrative disadvantages to an approach that would require the defendant essentially to split an ineffectiveness claim between record-based and other contentions also apply to voluntary bifurca-*

*tion.* We note again that we recently held that ineffective assistance of trial counsel is not available in postconviction if the direct appeal raises any claim of deprivation of Sixth Amendment right to counsel. *Sawyer v. State,* 679 N.E.2d 1328 (Ind.1997); *Bieghler v. State,* 690 N.E.2d 188, 200–01 (Ind.1997) (citing *Sawyer); but cf. [U.S. v.] Galloway,* 56 F.3d [1239,] 1242 [(10th Cir.1995)] (holding that presentation of ineffectiveness claim on direct appeal did not foreclose assertion in federal habeas proceedings of additional grounds for finding inadequate representation). As a practical matter, this rule will likely deter all but the most confident appellants from asserting any claim of ineffectiveness on direct appeal. It will certainly deter some. Nonetheless, the concerns for prompt resolution of claims lead us to permit ineffective assistance to be raised within or without the procedure available pursuant to *Davis.*

In sum, we hold that a Sixth Amendment claim of ineffective assistance of trial counsel, if not raised on direct appeal, may be presented in postconviction proceedings. However, if ineffective assistance of trial counsel is raised on direct appeal by a *Davis* petition or otherwise, the issue will be foreclosed from collateral review.

(Emphases added).

■ We conclude that the principles and reasoning of *Woods* apply here, and we hold that Peaver may not divide the specific IAC contentions alleged between his direct appeal and his petition for post-conviction relief. Because his post-conviction proceeding came before his direct appeal, and because he chose the post-conviction proceeding as the forum for his IAC claim, he is foreclosed from asserting IAC on different grounds on direct appeal.

Peaver's claims that his trial counsel was ineffective for allegedly failing to examine M.W. at the Protected Person hearing and for failing to object to M.W.'s out-of-court statements at trial, which were not alleged in his petition for post-conviction relief, are waived. We address the one issue Peaver has preserved for our review, namely, whether he was denied the effective assistance of trial counsel when his counsel did not interview or offer the testimony of Peaver's son, who, Peaver contends, could have provided exculpatory evidence at trial.

■ The petitioner bears the burden of establishing his grounds for post-conviction relief by a preponderance of the evidence. Ind. Post–Conviction Rule 1(5); *Harrison v. State*, 707 N.E.2d 767, 773 (Ind.1999), *cert. denied*, 529 U.S. 1088, 120 S.Ct. 1722, 146 L.Ed.2d 643 (2000). To the extent the post-conviction court denied relief in the instant case, Peaver appeals from a negative judgment and faces the rigorous burden of showing that the evidence as a whole " 'leads unerringly and unmistakably to a conclusion opposite to that reached by the [ ] court.' " *See Williams v. State*, 706 N.E.2d 149, 153 (Ind.1999) (quoting *Weatherford v. State*, 619 N.E.2d 915, 917 (Ind.1993)), *cert. denied*, 529 U.S. 1113, 120 S.Ct. 1970, 146 L.Ed.2d 800 (2000). It is only where the evidence is without conflict and leads to but one conclusion, and the post-conviction court has reached the opposite conclusion, that its decision will be disturbed as contrary to law. *Bivins v. State*, 735 N.E.2d 1116, 1121 (Ind.2000).

■ Peaver contends that he was denied the effective assistance of trial counsel. There is a strong presumption that counsel rendered effective assistance and made all significant decisions in the exercise of reasonable professional judgment, and the burden falls on the defendant to overcome that presumption. *Gibson v. State*, 709 N.E.2d 11, 13 (Ind.Ct.App.1999), *trans. denied*. To make a successful ineffective assistance claim, a defendant must show that: (1) his attorney's performance fell below an objective standard of reasonableness as determined by prevailing professional norms; and (2) the lack of reasonable representation prejudiced him. *Mays v. State*, 719 N.E.2d 1263, 1265 (Ind. Ct.App.1999) (citing *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)), *trans. denied*.

■ Deficient performance is representation that fell below an objective standard of reasonableness by the commission of errors so serious that the defendant did not have the "counsel" guaranteed by the Sixth Amendment. *Roberts v. State*, 894 N.E.2d 1018, 1030 (Ind.Ct.App.2008), *trans. denied*. Consequently, our inquiry focuses on counsel's actions while mindful that isolated mistakes, poor strategy, inexperience, and instances of bad judgment do not necessarily render counsel's representation ineffective. *Id.* Even if a defendant establishes that his attorney's acts or omissions were outside the wide range of competent professional assistance, he must also establish that, but for counsel's errors, there is a reasonable probability that the result of the proceeding would have been different. *See Steele v. State*, 536 N.E.2d 292, 293 (Ind.1989).

Here, Peaver maintains that his son, B.P., would have provided exculpatory testimony if he had testified at trial. Peaver asserts that his trial counsel's performance was deficient in that he did not provide B.P.'s testimony at trial and that that omission prejudiced Peaver. But Peaver's trial counsel, Nikos Nakos, testified at the post-conviction hearing and stated that he had talked to B.P. before trial and had concluded that B.P.'s testimony would not have assisted Peaver. In particular, Na-

kos testified that B.P. "didn't really have anything cognitive [sic] or beneficial to the defense of Mr. Peaver[.]" PCR Transcript at 10. Nakos stated that B.P. had told him "that he did recall that there was a commotion [between T.W. and M.W.] about a tape" but "that was really about the only thing he could articulate." *Id.* at 10, 13. That evidence supports the post-conviction court's determination that Nakos' performance was not deficient. We will not reweigh the evidence on appeal.

Still, Peaver maintains that given B.P.'s testimony at the post-conviction hearing, it is clear that his testimony would have persuaded the jury to acquit Peaver. We cannot agree. B.P.'s testimony at the post-conviction hearing was equivocal, at best. B.P. testified that he had heard T.W. yelling at M.W. one evening. The following colloquy ensued:

Q: And do you know what she was yelling at [M.W.] about?

A: I really kind of didn't hear but she was just like screaming really loud.

Q: And what was she saying?

A: Like who did this and stuff.

Q: Okay. And do you know what she was meaning by who did this?

A: No.

Q: Okay. And what did [M.W.] say?

A: She kept saying I don't know.

Q: Okay. And what happened next?

A: They were just talking like for five minutes and then they came in.

Q: And did [M.W.] ever say that your dad did whatever [T.W.] was asking her about?

A: Well like she was like, I don't know and maybe it was him and stuff.

Q: And what did [T.W.] say?

A: She said well whatever and okay.

Q: And did [T.W.] ever suggest to [M.W.] who did it?

A: Yeah.

Q: What did she say?

A: She said, okay we'll just leave it cause you said it's probably [Peaver] and she said we'll just leave it at that.

Appellant's App. at 138–39. Peaver has not demonstrated that the post-conviction court erred when it concluded that Nakos' performance was not deficient when he did not call B.P. to testify at trial. Without a showing of deficient performance, Peaver cannot prevail on his claim of ineffective assistance of trial counsel.

### Direct Appeal

### Issue One: Protected Person Statute

Peaver contends that the trial court abused its discretion when it admitted into evidence M.W.'s interview with Goewert at the Child Advocacy Center and M.W.'s statements to T.W. Peaver maintains that that evidence does not show sufficient indicia of reliability under Indiana Code Section 35–37–4–6(e), the Protected Person Statute.[2] But the State asserts that Peaver has waived this issue for failure to object to the admission of the evidence at trial. We agree with the State.

Prior to trial, the trial court held a hearing to determine whether the State's

---

2. Indiana Code Section 35–37–4–6 defines protected person in relevant part as a child under fourteen years of age, which M.W. was at the time of the offense. And the statute provides that a statement or videotape made by the protected person is admissible in evidence in a criminal action for a sex crime if, after notice to the defendant of a hearing and of the defendant's right to be present, all of the following conditions are met: (1) The court finds, in a hearing: (A) conducted outside the presence of the jury; and (B) attended by the protected person; that the time, content, and circumstances of the statement or videotape provide sufficient indications of reliability. *See id.*

proffered testimony would be admissible under the Protected Person Statute. At that hearing, Peaver objected to the admissibility of the evidence, but the trial court granted the State's motion. At trial, Peaver did not object to the admission of either the videotape of M.W.'s interview with Goewert or T.W.'s testimony regarding M.W.'s statements.

█ It is well-settled that "[o]nly trial objections, not motions in limine, are effective to preserve claims of error for appellate review. Failure to object at trial to the admission of the evidence results in waiver of the error, notwithstanding a prior motion in limine." *Raess v. Doescher*, 883 N.E.2d 790, 796–97 (Ind.2008). That rule applies here, where Peaver objected to the evidence during the pre-trial hearing, but did not make contemporaneous objections during trial. The issue is waived. And Peaver does not allege fundamental error.[3]

### Issue Two: Sufficiency of the Evidence

█ Peaver next contends that the State did not present sufficient evidence to support his conviction. When the sufficiency of the evidence to support a conviction is challenged, we neither reweigh the evidence nor judge the credibility of the witnesses, and we affirm if there is substantial evidence of probative value supporting each element of the crime from which a reasonable trier of fact could have found the defendant guilty beyond a reasonable doubt. *Wright v. State*, 828 N.E.2d 904, 905–06 (Ind.2005). It is the job of the fact-finder to determine whether the evidence in a particular case sufficiently proves each element of an offense, and we consider conflicting evidence most fa-

vorably to the trial court's ruling. *Id.* at 906.

To prove child exploitation as charged, the State was required to show that Peaver knowingly or intentionally videotaped sexual conduct by M.W., who was under the age of eighteen. *See* Ind.Code § 35–42–4–4. "Sexual conduct" includes "exhibition of the uncovered genitals intended to satisfy or arouse the sexual desires of any person." Ind.Code § 35–42–4–4(a). Peaver's sole contention on appeal is that the evidence is insufficient to prove that he had the intent to arouse or satisfy the sexual desires of any person. We cannot agree.

In the context of child molesting cases, "[t]he intent to arouse or satisfy the sexual desires of the child or the older person may be established by circumstantial evidence and may be inferred 'from the actor's conduct and the natural and usual sequence to which such conduct usually points.'" *Kanady v. State*, 810 N.E.2d 1068, 1069–70 (Ind.Ct.App.2004) (quoting *Nuerge v. State*, 677 N.E.2d 1043, 1048 (Ind.Ct.App.1997), *trans. denied*). The same rule applies in the context of child exploitation. Here, the State presented evidence that Peaver told M.W. to take off her underwear, videotaped her, including a close-up of her vagina, and told her that if she told anyone about the tape she would "get in trouble." Transcript at 171. Peaver's conduct and the natural and usual sequence to which that conduct usually points, support a reasonable inference that Peaver videotaped M.W. with the intent to arouse or satisfy the sexual desires of any person. Peaver's contentions on appeal amount to a request that we reweigh the evidence, which we cannot do. The evi-

---

3. For the first time in his reply brief, Peaver mentions fundamental error, but does not make cogent argument in support thereof.

Regardless, it is well-settled that a party may not raise an issue for the first time in a reply brief. Ind. Appellate Rule 46(c).

dence is sufficient to support Peaver's conviction.

Affirmed.

BAKER, C.J., and MATHIAS, J., concur.