OPINION ON REHEARING



ATTORNEYS FOR APPELLANT

John P. Daly, Jr.
Jared Harts
Golitko & Daly, P.C.
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Jeffrey J. Mortier
Maggie L. Smith
Blake N. Shelby
Frost Brown Todd, LLC
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Angela Brewer, Individually and
as Personal Representative of the
Estate of Rickey A. Brewer,
Deceased,

*Appellants,*

v.

PACCAR, Inc., d/b/a
PETERBILT MOTORS CO.,

*Appellee.*

June 15, 2018

Court of Appeals Case No.
55A05-1709-CT-2168

Appeal from the Morgan Circuit
Court

The Honorable Matthew G.
Hanson, Judge

Trial Court Cause No.
55C01-1605-CT-691

**Barnes, Judge.**

[1]     PACCAR, Inc. d/b/a Peterbilt Motors ("PACCAR") petitions for rehearing

following our decision in *Brewer v. PACCAR, Inc.*, No. 55A05-1709-CT-2168

(Ind. Ct. App. Mar. 27, 2018). We issue this opinion on rehearing but reaffirm our original decision in all respects.

[2] In an argument that is relevant to the bar in general and not PACCAR in particular, PACCAR asserts that we should not have said that Brewer's notice of appeal may have been premature because it was filed before the time limit for the trial court to rule on Brewer's motion to correct error had passed. It contends that it is "not unusual" for a party to file both a motion to correct error and a notice of appeal simultaneously, "or for the same party to first file a Motion to Correct error, change its mind, and then file a Notice of Appeal before the thirty-day period expires." Rehearing Pt'n. p. 7. It also notes Indiana Appellate Rule 37, which allows a party on appeal to move to stay appellate proceedings and remand to the trial court for a ruling on a pending motion to correct error.

[3] We respectfully submit that, in the combined fifty-four years of appellate experience of the members of this panel, we were unaware of a common practice of parties filing motions to correct error and then "abandoning" the motion with the filing of a notice of appeal before the time limit for ruling on the motion to correct error had passed. With respect to Appellate Rule 37, its use is encouraged "'to develop an evidentiary record for issues that with reasonable diligence could not have been discovered before the time for filing a motion to correct error or a notice of appeal has passed.'" *Peaver v. State*, 937 N.E.2d 896, 899 (Ind. Ct. App. 2010) (quoting *Schlabach v. State*, 842 N.E.2d 411, 418 (Ind. Ct. App. 2006), *trans. denied*), *trans. denied*. It should not be used

to resurrect a motion to correct error previously filed by the party seeking remand that did not require development of an additional evidentiary record and was more in the nature of asking the trial court to reconsider its judgment, such as in the present case.

[4] Even if our trial and appellate rules do not expressly forbid the simultaneous filings of motions to correct error and notices of appeal by one party—or the filing of a notice of appeal before a motion to correct error has been ruled on or deemed denied—we believe it is inadvisable to do so. Or, at the very least, if a party files both a motion to correct error and a notice of appeal but decides to "abandon" the motion to correct error, the party should dismiss the motion to correct error so there is no potential confusion about whether the trial court or this court is being asked to decide the case. Leaving a motion to correct error pending after filing a notice of appeal risks judicial inefficiency and the possibility that the trial court will rule on the motion to correct error after an appeal has been initiated. Although this is not always a fatal complication, it is a complication nonetheless and can lead to convoluted procedural wrangling as outlined in cases such as *Cavinder Elevators, Inc. v. Hall*, 726 N.E.2d 285 (Ind. 2000), *Garrison v. Metcalf*, 849 N.E.2d 1114 (Ind. 2006), and *HomEq Servicing Corp. v. Baker*, 883 N.E.2d 95 (Ind. 2008). If such wrangling can be avoided, it is preferable to do so.

[5] Indeed, in the present case, it appears that Brewer filed her notice of appeal only after believing the trial court had denied her motion to correct error; although, as noted in our original opinion, it is not entirely clear that the trial

court had done so. This was not an instance of Brewer intentionally "abandoning" the motion to correct error. We believe that if a party files a motion to correct error, ideally it should either wait for a ruling on the motion (actually granted or denied or deemed denied) before initiating the process of an appeal, or it should dismiss the motion to correct error.

[6] PACCAR's other argument on rehearing is directed to certain language in our opinion that it contends could be taken as conclusively stating that its glider kit is defective. We did not hold that it is defective as a matter of law—that is a matter to be litigated below. Our opinion already makes that clear.

[7] With these comments, we reaffirm our original decision.

Vaidik, C.J., and Mathias, J., concur.