**James MOORE, Appellant–Petitioner,**

v.

**STATE of Indiana, Appellee–Respondent.**

No. 49A04–0702–PC–89.

Court of Appeals of Indiana.

Aug. 7, 2007.

Publication Ordered Aug. 20, 2007.

Susan K. Carpenter, Public Defender of
Indiana, Jonathan O. Chenoweth, Deputy

Public Defender, Indianapolis, IN, attorney for appellant.

Steve Carter, Attorney General of Indiana, Zachary J. Stock, Deputy Attorney General Indianapolis, IN, attorneys for appellee.

## OPINION

CRONE, Judge.

### Case Summary

James Moore appeals the denial of his amended petition for post-conviction relief. We affirm.

### Issue

The issue is whether the post-conviction court erred in denying Moore's petition.

### Facts and Procedural History

We set forth the following facts in Moore's direct appeal:

[F]or approximately two hours on the evening of February 3, 2000, Officer Pete Mungovan ("Officer Mungovan") of the Indianapolis Police Department conducted surveillance on the house at 422 N. Dearborn Avenue in Indianapolis. Officer Mungovan was parked one block south of the house and on the opposite side of the street. During the surveillance, Officer Mungovan witnessed four black males on the porch of the house, including Moore and his half-brother Robert Peden ("Peden"). Moore and two others approached cars in front of the house that had either stopped on their own or had been flagged down by the men. The men were also continuously in and out of the house. Officer Mungovan said that the men had about fifteen to twenty interactions with the cars during the two-hour surveillance period and that each lasted less than one minute.

While Officer Mungovan surveilled the house, Officer Ronald Santa ("Officer Santa") was [ob]taining a search warrant for the house. That same evening when the warrant was executed, the officers found five people in the house, including Moore, and two people in a car at the back of the house. The officers secured the area and began a search of the house. Officer Paul Buchman ("Officer Buchman"), the officer in charge of collecting the evidence, found four bags of cocaine lying on top of a drop-ceiling panel in a bathroom. He also found a digital scale and a box of sandwich bags in a small, black metal cabinet. The next day, the amount of cocaine in the four bags was determined to be 108.19 grams.

While Officer Buchman searched the house, Officer Santa, the lead officer in the investigation, read the search warrant and Miranda warnings to the detained occupants. Officer Santa briefly questioned all of the occupants and determined that the house belonged to Peden's mother, who was out of town. Peden stated that he and Moore were in charge of the house while Peden's mother was gone, and Moore himself stated that he was staying at the house with Peden. After their arrests, Officer Santa questioned Moore and Peden further, and both admitted that they had knowledge of the cocaine in the bathroom but both denied ownership of it. During questioning, Moore could not fully explain from where he obtained the $805.00 found in his pocket during a search incident to his arrest, all of which was in denominations of five, ten, and twenty dollar bills. Moore stated that he occasionally worked temporary jobs, but he failed to produce a paycheck stub or other evidence to prove the source of the money.

A jury found Moore guilty of Dealing in Cocaine, a Class A felony, and Possession of Cocaine, a Class C felony. The

trial court merged the convictions and sentenced Moore to serve twenty (20) years imprisonment with a 287–day credit for time served.

*Moore v. State,* No. 49A02–0102–CR–99, slip op. at 2–4, 760 N.E.2d 253 (Ind.Ct. App. Dec. 19, 2001) (citation to transcript omitted). On direct appeal, Moore challenged the sufficiency of the evidence supporting his conviction, which we affirmed.

On August 2, 2006, Moore filed an amended petition for post-conviction relief. Moore asserted that his trial counsel rendered ineffective assistance in failing to file a motion to suppress on the basis that the information contained in the search warrant affidavit was insufficient to support a finding of probable cause. After a hearing, the post-conviction court denied Moore's petition on December 14, 2006. This appeal ensued.

### Discussion and Decision

■ Moore challenges the denial of his petition for post-conviction relief. Our standard of review is well settled:

The petitioner in a post-conviction proceeding bears the burden of establishing grounds for relief by a preponderance of the evidence. Ind. Post–Conviction Rule 1(5). When appealing from the denial of post-conviction relief, the petitioner stands in the position of one appealing from a negative judgment. On review, we will not reverse the judgment unless the evidence as a whole unerringly and unmistakably leads to a conclusion opposite that reached by the post-conviction court. A post-conviction court's findings and judgment will be reversed only upon a showing of clear error—that which leaves us with a definite and firm conviction that a mistake has been made. In this review, findings of fact are accepted unless clearly erroneous, but no deference is accorded conclusions of law.

*Hoaks v. State,* 832 N.E.2d 1061, 1063 (Ind.Ct.App.2005) (some citations omitted), *trans. denied.*

■ Specifically, Moore claims that his trial counsel was ineffective in failing to file a motion to suppress based on the alleged insufficiency of the search warrant affidavit. In addressing Moore's claim, we are guided by the following considerations:

Ineffective assistance of counsel claims are governed by the two part test established by the United States Supreme Court in *Strickland v. Washington,* 466 U.S. 668 [104 S.Ct. 2052, 80 L.Ed.2d 674] (1984), *reh'g denied.* According to this test, [Moore] must first establish that his trial counsel's performance was deficient. To demonstrate deficient performance, [Moore] must show that his trial counsel's representation fell below an objective standard of reasonableness and that the errors were so serious that they resulted in a denial of [Moore's] Sixth Amendment right to counsel. Second, [Moore] must demonstrate that the deficient performance prejudiced his defense. In order to establish prejudice, [Moore] must show that there is a reasonable probability that, but for his trial counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.

When considering a claim of ineffective assistance of counsel, a strong presumption arises that counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. Evidence of isolated poor strategy, inexperience, or bad tactics will not support a claim of ineffective assistance of counsel.... [T]he decision of whether to file a particular motion is a matter of trial strategy, and, absent an express showing to the

contrary, the failure to file a motion does not indicate ineffective assistance of counsel.

*Glotzbach v. State*, 783 N.E.2d 1221, 1224 (Ind.Ct.App.2003) (quotation marks and some citations omitted). "To prevail on an ineffective assistance of counsel claim based upon counsel's failure to file motions on a defendant's behalf, the defendant must demonstrate that such motions would have been successful." *Wales v. State*, 768 N.E.2d 513, 523 (Ind.Ct.App.2002), *on reh'g*, 774 N.E.2d 116, *trans. denied.*

▆▆▆ "The state and federal constitutions guarantee that a court will not issue a search warrant without probable cause." *Esquerdo v. State*, 640 N.E.2d 1023, 1029 (Ind.1994).[1]

> Probable cause to search premises is established when a sufficient basis of fact exists to permit a reasonably prudent person to believe that a search of those premises will uncover evidence of a crime. The decision to issue the warrant should be based on the facts stated in the affidavit and the rational and reasonable inferences drawn therefrom.

*Id.* (citation omitted). "[T]he magistrate's task is 'simply to make a practical, commonsense decision whether, given all the circumstances set forth before him ... there is a fair probability that contraband or evidence of a crime will be found in a particular place.' " *Gray v. State*, 758 N.E.2d 519, 521 (Ind.2001) (quoting *Illinois v. Gates*, 462 U.S. 213, 238, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983)). "Although we review de novo the trial court's substantial basis determination, we nonetheless afford significant deference to the magistrate's determination as we focus on whether reasonable inferences drawn from the totality of the evidence support that determination." *State v. Spillers*, 847 N.E.2d 949, 953 (Ind.2006) (citation and quotation marks omitted). Generally, all evidence obtained in searches and seizures later found to be unsupported by probable cause is inadmissible under state and federal law. *Williams v. State*, 528 N.E.2d 496, 499 (Ind.Ct.App.1988), *trans. denied.*[2]

▆▆▆ When seeking a search warrant, the police must follow the warrant statute, Indiana Code Section 35–33–5–2, "which specifies the minimum information necessary to establish probable cause." *Esquerdo*, 640 N.E.2d at 1029 (footnote omitted). That statute provides in pertinent part,

> (a) ... [N]o warrant for search or arrest shall be issued until there is filed with the judge an affidavit:
>
> (1) particularly describing:
>
> (A) the house or place to be searched and the things to be searched for; or

---

1. *See* U.S. CONST. amend. IV ("The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."); IND. CONST. art. 1, § 11 ("The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable search or seizure, shall not be violated; and no warrant shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the person or thing to be seized.").

2. State and federal courts have recognized a good faith exception to the exclusionary rule. *Williams*, 528 N.E.2d at 499. Moore points out that the State raised the exception for the first time in this appeal. Consequently, any argument regarding its applicability is waived. *See Merritt v. State*, 803 N.E.2d 257, 261 (Ind.Ct.App.2004) (finding that State waived good faith exception argument by raising it for the first time on appeal).

(B) particularly describing the person to be arrested;

(2) alleging substantially the offense in relation thereto and that the affiant believes and has good cause to believe that:

(A) the things as are to be searched for are there concealed; or

(B) the person to be arrested committed the offense; and

(3) setting forth the facts then in knowledge of the affiant or information based on hearsay, constituting the probable cause.

(b) When based on hearsay, the affidavit must either:

(1) contain reliable information establishing the credibility of the source and of each of the declarants of the hearsay and establishing that there is a factual basis for the information furnished; or

(2) contain information that establishes that the totality of the circumstances corroborates the hearsay.

Ind.Code § 35–33–5–2.

■ The search warrant affidavit in the instant case reads as follows:

*Detective Ronald P. Santa, Police Officer,* SWEARS OR AFFIRMS THAT HE BELIEVES AND HAS GOOD CAUSE TO BELIEVE that a controlled substance, to wit: Cocaine, an extract of Coca, the possession of which is unlawful, is being kept, used and sold from the residence 422 N Dearborn St., Indianapolis, Marion County, Indiana.

This affiant bases his belief on the following information: within the past seventy-two (72) hours of February 03, 2000, a confidential, credible and reliable informant came personally to this affiant and stated that within the past seventy-two (72) hours of February 03, 2000, he/she was personally inside the residence 422 N Dearborn St., Indianapolis,

Marion County, Indiana. The confidential, credible and reliable informant, observed in the possession of a black male, name unknown, heavy set with a dark complexion, thirteen to sixteen years of age, a substance said informant believed to be Cocaine, an extract of Coca. Said informant was further told by the black male that the substance he had in his possession was, in fact, Cocaine, an extract of Coca and was for sale. Said informant is known personally to this affiant to be a past user of cocaine, an extract of Coca, and knows Cocaine, an extract of Coca, by its appearance and the manner in which it is packaged for sale. Said informant is reliable in that information provided by the informant in the past has resulted in at least three (3) arrests, at least three (3) seizures of controlled substances and these cases have resulted in convictions in court. Said informant is confidential in that revealing the identity of the informant could directly endanger the life of the informant and would destroy any future use of the informant.

Based upon the above information, I am requesting a search warrant be issued for the residence 422 N. Dearborn St., Indianapolis, Marion County, Indiana. Said residence is described as a two story, wood frame, duplex. The duplex is blue in color with white trim and a gray in color roof. The south side of the duplex is the residence to be searched. The numbers "422" are affixed to the front of the residence to be searched. Said residence consists of a living room, dining area, kitchen, bedroom(s) and bathroom(s). I request this search to include all rooms, closets, drawers, shelves and personal effects contained therein and thereon where Cocaine, an extract of Coca may be concealed. I further request this search to

include the person of a black male, name unknown, heavy set with a dark complexion, thirteen to sixteen years of age, and the residential curtilage.

Appellant's App. at 59.

Moore's argument regarding the sufficiency of the affidavit boils down to the following:

The affidavit did not reveal what, if any, connection existed between the unidentified male and the residence, nor include any reason to believe that this individual would actually possess contraband when a warrant was executed. Thus, there was no nexus between the information relayed by the confidential informant and the residence to be searched, as it was purely speculative that any contraband would be found there.

Appellant's Br. at 13.[3]

Moore's argument relies primarily on a case that was decided four years after the search warrant was issued: *Merritt v. State*, 803 N.E.2d 257 (Ind.Ct.App.2004). In that case, Officer Smiley drafted a probable cause affidavit stating that within the past seventy-two hours, at 3508 North Butler Avenue in Indianapolis, a reliable confidential informant had seen cocaine in the possession of an unidentified black male, who told the informant that the cocaine was for sale. *Id.* at 258–59. Police obtained and executed a search warrant for that address and found Merritt sitting in the dining room with several other persons. "The police recovered a bag containing marijuana from the dining room table and cocaine from a jacket in one of the bedroom closets." *Id.* at 259. The trial court denied Merritt's motion to suppress.

On appeal, Merritt argued that the affidavit lacked probable cause in that it "failed to link the unidentified black male with drugs to [Merritt's] residence." *Id.* at 260. Another panel of this Court agreed:

Here, Officer Smiley stated in his affidavit that, while a confidential informant was in Merritt's residence on one occasion, an unidentified black male offered to sell the informant what appeared to be cocaine. Officer Smiley did not state that the unidentified black male frequented, resided, or concealed contraband at 3508 North Butler Avenue nor did he state that there was good cause to believe that the black male would possess cocaine in the residence when the warrant was obtained. *See Doss v. State*, 649 N.E.2d 1045, 1048–49 (Ind.Ct. App.1995) (finding affidavit lacked indicia of probable cause because it omitted important factual details). Moreover, contrary to the State's assertions, the affidavit did not set forth facts from which a reasonable inference could be drawn that numerous drug transactions had taken place at the residence, or that the residence was a "crack house." Accordingly, the trial court abused its discretion in denying Merritt's motion to suppress. *See Methene v. State*, 720 N.E.2d 384, 390 (Ind.Ct.App.1999) (noting the requirement that an affidavit for a search warrant must apprise the magistrate of the underling facts and circumstances which tend to show that probable cause exists for the search).

*Id.* at 260–61.

In this case, the post-conviction court characterized *Merritt* as a "substantial departure from prior practice" and noted that "it does not constitute ineffective as-

**3.** Moore does not challenge the credibility of the confidential informant or the reliability of

the informant's information.

sistance of counsel for an attorney to fail to anticipate changes in the law that have not yet occurred at the time of representation." Appellant's App. at 90 (citing *Frasier v. State*, 267 Ind. 24, 366 N.E.2d 1166 (1977)). The post-conviction court determined that a motion to suppress would not have succeeded because the trial court would have denied the motion "based upon the law as it then stood" and that it was "highly speculative that the Court of Appeals would have been inclined to change the law several years earlier had it been presented with the issue." *Id.* at 91.[4]

Moore insists that *Merritt* was not a substantial departure from existing law and states that it "was based on the principle that to establish probable cause, an affidavit must contain a nexus between information gained from a controlled buy or confidential informant and the place to be searched." Appellant's Br. at 12. Moore claims that "[r]ather than being created or announced in *Merritt,* this principle had been well established for decades, as evidenced by its application in *Flaherty [v. State*, 443 N.E.2d 340 (Ind.Ct. App.1982), *trans. denied* ], and its explicit re-affirmation in *Figert [v. State*, 686 N.E.2d 827 (Ind.1997) ]." *Id.* at 12–13.

We agree with the State that both *Flaherty* and *Figert* are distinguishable and do not presage the holding in *Merritt.* In *Flaherty,* a police officer drafted a probable cause affidavit for the search of a specific apartment unit allegedly controlled by the Flahertys based on a controlled buy performed by a confidential informant. The affidavit stated only that the informant entered the apartment building and

emerged five minutes later with marijuana. Following their convictions for possession of LSD and marijuana, the Flahertys challenged the sufficiency of the affidavit. Judge Miller noted that the affidavit "made no attempt to establish the informant's reliability" and framed the issue as

whether the affidavit itself, without additional information or testimony presented after the search warrant is executed, alleges sufficient facts upon which the issuing authority could have made an independent determination of probable cause. Here, the affidavit left to the speculation of the magistrate whether or not the informant actually entered Apartment # 72. If we were to uphold the search warrant in this case, we would be sanctioning the search of any apartment unit merely upon an officer's observation of an unreliable informant entering an apartment lobby. We decline to do so and hold the affidavit insufficient.

443 N.E.2d at 341, 343 (footnote omitted).

In *Figert,* the police obtained a search warrant for a U-shaped group of three homes based on drug transactions allegedly conducted by residents of two of the homes. Police executed the warrant and found contraband in the third home, occupied by Figert and Green. Figert and Green "contended that the warrant was issued without probable cause because the supporting affidavit provided no basis to conclude that cocaine or related paraphernalia would be found in their home." 686 N.E.2d at 829. The trial court denied their motion to suppress. Our supreme

---

**4.** The post-conviction court also found "that the reference in the Probable Cause Affidavit to, 'The men were also continuously in and out of the house' was more than enough, even under *Merritt,* to justify a search warrant of the home, as it clearly suggested that the drugs the men were repeatedly selling were being kept in the house." Appellant's App. at 91. Moore correctly notes that the excerpt quoted by the postconviction court "came not from Officer Santa's affidavit, but from this Court's recitation of the facts in the direct appeal opinion." Appellant's Br. at 14.

court agreed with Figert and Green, stating that "[i]f the officer who sought the warrant had information tending to show involvement by [their] home in the drug sales, that information should have been offered when the warrant was issued." *Id.* at 831.

In the instant case, as the State points out, Officer Santa's affidavit "established that a reliable informant was present inside the home to be searched. It further established that the informant knew what cocaine looked like, that there was cocaine in the home, and that someone inside the home wanted to sell that cocaine." Appellee's Br. at 9. As such, we disagree with Moore's contention that *Flaherty* and *Figert* "could have formed the basis for a successful Motion to Suppress." Appellant's Reply Br. at 4. Moreover, as the State correctly observes,

> at the time of the *Merritt* ruling, there was no precedent requiring an affidavit to state information indicating that a drug dealer frequents, resides or is concealing drugs at a house even though the affidavit sufficiently states that a reliable source had bought [or, more accurately, had an opportunity to buy] drugs from the drug dealer at [a] specif-

ically described house within the past seventy-two hours.

Appellee's Br. at 7.[5] Accordingly, we conclude that Moore has failed to establish by a preponderance of the evidence that his trial counsel was ineffective in failing to file a motion to suppress, i.e., that such a motion would have been successful. *Wales,* 768 N.E.2d at 523. We therefore affirm the denial of Moore's petition for post-conviction relief.

Affirmed.

BAKER, C.J., and FRIEDLANDER, J., concur.

### ORDER

On August 7, 2007, the Court handed down its opinion in this appeal marked Memorandum Decision, Not for Publication. The Appellee, by counsel, has filed a Verified Motion for Publication of Memorandum Decision. The Appellee requests publication because this Court's decision involves a potential criticism of existing law, and therefore, meets the criteria for publication set forth in Indiana Appellate Rule 65(A)(2).

Having considered the matter, the Court FINDS AND ORDERS AS FOLLOWS:

---

5. The State also makes the following contention:

> [T]o the extent that *Merritt* can be seen as requiring a probable cause affidavit to contain some identification of the person selling the drugs, it has veered from the goal and purpose of a search warrant. "Search warrants are not directed at persons; they authorize the search of 'places' and the seizure of 'things,' and as a constitutional matter they need not even name the person from whom the things will be seized." *Zurcher v. Stanford Daily,* 436 U.S. 547, 555 [98 S.Ct. 1970, 56 L.Ed.2d 525] (1978). Thus, "the critical element in a reasonable search is not that the owner of the property is suspected of crime but that there is reasonable cause to believe that the specific

> 'things' to be searched for and seized are located on the property to which entry is sought." *Id.* at 556 [98 S.Ct. 1970]. An attempted drug sale inside a home should give reasonable cause to believe that the drugs being sold will be in the home. Thus, the decision in *Merritt* represents a departure from over twenty years of accepted search warrant practice, and trial counsel reasonably concluded that a motion to suppress would not have been granted in this legal climate.

> Appellee's Br. at 8. Whether *Merritt* represents an unwarranted departure from established state and federal search-and-seizure jurisprudence, as the State suggests, is a question for another day.

1. The Appellee's Motion for Publication of Memorandum Decision is GRANTED, and this Court's opinion heretofore handed down in this cause on August 7, 2007, marked Memorandum Decision, Not for Publication is now ORDERED PUBLISHED.

BAKER, C.J., FRIEDLANDER and CRONE, JJ., concur.