# FOR PUBLICATION

ATTORNEYS FOR APPELLANT:

**STEPHEN T. OWENS**
Public Defender of Indiana

**VICTORIA CHRIST**
Deputy Public Defender
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JAMES B. MARTIN**
Deputy Attorney General
Indianapolis, Indiana



FILED

Feb 05 2013, 10:26 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| VANCE R. PACE, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 20A03-1206-PC-378 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE COURT
The Honorable George W. Biddlecome, Judge
Cause No. 20D03-1103-PC-9

**February 5, 2013**

**OPINION – FOR PUBLICATION**

**PYLE, Judge**

## STATEMENT OF THE CASE

Vance R. Pace ("Pace") appeals from the post-conviction court's order denying his petition for post-conviction relief, which sought to set aside his convictions for Class B felony dealing in amphetamine and Class B felony unlawful possession of a firearm by a serious violent felon ("SVF") based on claims of ineffective assistance of trial and appellate counsel, stemming from trial counsel's failure to file a motion to bifurcate[1] Pace's jury trial on his dealing in amphetamine and SVF charges.

We reverse and remand.

## ISSUE

Whether the post-conviction court erred by denying Pace's petition for post-conviction relief.

## FACTS

The facts of Pace's crimes were set forth in the opinion from Pace's direct appeal as follows:

---

[1] Throughout the post-conviction proceedings, the parties use the terms "sever" and "bifurcate" when discussing trial counsel's failure to request separation of Pace's dealing charge from his SVF charge. We note that the procedural effect of a motion to sever is different from a motion to bifurcate, as the former would result in two separate trials and the latter would result in two stages of one trial. Nevertheless, for the most part, the parties seem to use these terms interchangeably. For example, in Pace's post-conviction petition, he alleges that trial counsel was ineffective for failing to file a "motion to sever or bifurcate" the dealing charge from the SVF charge. (App. 7). However, during the post-conviction hearing, Pace's post-conviction counsel seemed to predominantly use the term "sever" when questioning Pace's trial counsel regarding his decision not to separate the two charges. From our review of the record, as well as the argument on appeal, it appears clear that Pace's post-conviction claim is based on an allegation that trial counsel was ineffective for failing to file a motion to bifurcate the trial on the dealing and SVF charges based on our Indiana Supreme Court's holding in *Hines v. State*, 801 N.E.2d 634 (Ind. 2004), *reh'g denied*, and not an allegation that trial counsel was ineffective for failing to file a motion to sever under Indiana Code § 35-34-1-11. Thus, in this opinion, we will use the term bifurcate and will address Pace's ineffective assistance of trial counsel argument in terms of the failure to request bifurcation. Even if we were to review the issue as a failure to file a motion to sever, our holding would not change.

2

On January 24, 2004, the Goshen Police Department was investigating Pace for allegations of drug dealing using both uniformed and undercover police officers. Lieutenant Shawn Turner, Captain Wade Branson, and Officer Daniel Young were following Pace in unmarked vehicles. Lieutenant Turner saw Pace drive into Win Pines Trailer Park with another person in the passenger seat. The officers lost sight of Pace's vehicle for approximately three minutes, and then another undercover officer spotted the vehicle with only one person visible inside. Lieutenant Kirk Maggert and Sergeant David Miller, uniformed and in marked vehicles, stopped Pace's vehicle. They removed the driver from the vehicle and found Pace lying in the back seat partially covered with clothing and feigning sleep. The officers removed Pace from the vehicle and placed him in handcuffs.

Upon searching the vehicle, the police discovered a baggie containing four smaller individually wrapped baggies that each contained one-sixteenth of an ounce of methamphetamine, a quantity known on the street as a "teenager" or "teenie." In total, the police found 8.87 grams of methamphetamine in the vehicle. A loaded .32 caliber handgun was in the center console of the vehicle. Pace had $386 in cash on his person as well as various notes of mathematical figures, names, and specific street terminology that indicated the notes were drug related.

On January 24, 2004, the State charged Pace with dealing in methamphetamine in excess of three grams as a class A felony and SVF.[2] On February 12, 2004, the State amended the Information to include an allegation that Pace was a habitual offender. On November 4, 2004, the State again amended the Information to reduce the dealing count to a class B felony.[3]

The trial court bifurcated the habitual offender phase of the trial from the other two charges, and Pace did not request that the dealing charge be bifurcated from the SVF charge. The jury trial commenced on November 8, 2004. In the preliminary instructions, the trial court listed, without objection, Pace's prior conviction for dealing cocaine as an element of the SVF charge.[4]

---

[2] Pace's SVF charge alleged that Pace was a serious violent felon for having been convicted of Class B felony dealing in cocaine in August 1992.

[3] The dealing charge was amended from Class A felony dealing methamphetamine to a Class B felony dealing a schedule II controlled substance based on his possession of amphetamine with intent to deliver.

[4] The trial court's instruction set forth the SVF charge as follows:

*Pace v. State*, No. 20A03-0504-CR-158, slip op. at 2-3 (Ind. Ct. App. Aug. 2005). *See also* (App. 201-02). During the State's opening argument, the prosecutor also mentioned Pace's prior conviction for dealing in cocaine.

Prior to resting its case, the State entered into evidence—without objection from Pace—State's Exhibit 7, which consisted of the following documents from Pace's 1992 dealing in cocaine case under cause number 20C01-9208-CF-063: (1) the charging information charging Pace with "three counts of delivery of cocaine[;]" (2) a negotiated plea agreement; (3) a sentencing order; (4) a judgment of conviction; and (5) an abstract of judgment. (Pace's Ex. C at 150; App. 148). In relation to these documents, Pace stipulated that he was "the same Vance R. Pace in the *State of Indiana -vs- Vance Richard Pace*, Cause No. 20C01-9208-CF-063." (Pace's Ex. F at 69; App. 108; *see also* Pace's Ex. C at 150; App. 148).

The jury found Pace guilty of the dealing and SVF charges. The jury also determined that Pace was an habitual offender. During Pace's sentencing hearing, "[t]he State moved for judgment notwithstanding the conviction on the habitual offender finding due to a technicality[,]" and "[t]he trial court found that Pace was not a[n] habitual offender for purposes of sentencing." *Pace v. State*, No. 20A03-0504-CR-158,

---

[O]n or about the 14th of January, 2004, at the County of Elkhart and State of Indiana, one VANCE R. PACE, a serious violent felon, knowingly possessed a firearm, to wit: a .32 caliber Keltec handgun, after having been convicted of a serious violent felony, to wit: Dealing Cocaine, a Class B felony, on the 17th day of December, 1992, in the Elkhart Circuit Court, Elkhart[.]

Pace's Ex. F at 51.

4

slip op. at 3. *See also* (App. 202). The trial court imposed a ten (10) year sentence on Pace's dealing conviction to be served consecutively to a twenty (20) year sentence on his SVF conviction. The trial court ordered the sentences to be served at the Department of Correction.

Thereafter, in 2005, Pace filed a direct appeal from his convictions, arguing that the trial court committed fundamental error when it (1) referred to Pace's 1992 dealing in cocaine conviction when reading his SVF charging information during preliminary instructions; and (2) did not sua sponte bifurcate or sever his SVF charge from his dealing charge. Our Court affirmed Pace's convictions, holding that there was no fundamental error. We noted that there was no statutory provision specifically requiring bifurcation of an SVF charge, and we explained that the case of *Hines v. State*, 794 N.E.2d 469 (Ind. Ct. App. 2003), *adopted on transfer by Hines v. State*, 801 N.E.2d 634 (Ind. 2004), *reh'g denied*—which "held it was error to refuse a defendant's request to bifurcate a trial where there is an SVF charge and another unrelated felony"—was not applicable because Pace had not filed a motion for bifurcation. *Pace v. State*, No. 20A03-0504-CR-158, slip op. at 5; *see also* (App. 204). Finally, we concluded that even if the trial court had erred, any error was harmless error given the evidence presented that supported his convictions. In a concurring opinion, Judge Barnes wrote the following "to express [his] unease with the serious violent felon protocol[:]"

> I note here my concern with the ability of a person, much less a juror asked to determine the guilt of a suspected drug dealer, to divorce him or herself from the fact that this defendant, presumably clothed with a presumption of innocence, previously has been convicted of being just what he is now alleged to be – a drug dealer.

5

> I agree with the majority that the onus is on the defendant to make the request of a trial court to bifurcate, or in this case, trifurcate the proceedings. Pace did not do so and he has waived the issue. I do take slight issue with the majority's assertion that "no error" occurred here. Slip op. at 2. Strictly speaking, it was erroneous not to separate trial of the dealing charge from the serious violent felon charge. See Hines v. State, 794 N.E.2d 469, 473 (Ind. Ct. App. 2003), adopted on transfer, 801 N.E.2d 634 (Ind. 2004). Under the facts and circumstances present here, however, it was not fundamental error that requires reversal of Pace's convictions.

*Pace v. State*, No. 20A03-0504-CR-158, slip op. at 8-9; *see also* (App. 207-08).

In December 2010, Pace filed a petition for post-conviction relief, arguing that he had received ineffective assistance of trial and appellate counsel. In relevant part, Pace alleged that his trial counsel, Juan Garcia, Jr. ("Attorney Garcia"), was ineffective for (1) failing to file a motion to sever or bifurcate his dealing amphetamine charge from his SVF charge; and (2) failing to object to the preliminary instruction that set out his SVF charge and informed the jury that he had a prior dealing conviction. Pace alleged that his appellate counsel, Michael Greene ("Attorney Greene"), was ineffective for, among other things, failing to file a petition for rehearing or a petition to transfer in his direct appeal proceeding to argue that the Court of Appeals had failed to follow the precedent in *Hines*.

The post-conviction court held a post-conviction hearing on September 19, 2011 and December 28, 2011. During the post-conviction hearing, Pace introduced into evidence the record from his trial and direct appeal, and he called Attorney Garcia and Attorney Greene as witnesses. Attorney Garcia testified that Pace had no affirmative defenses and that his trial strategy was "to make the [S]tate meet its burden of proof[.]" (Tr. 16). When asked why he did not move to separate the dealing amphetamine charge

6

from his SVF charge, Attorney Garcia testified that he "[did not] think it would be beneficial to [Pace]" and that he did not think that Pace was prejudiced by having the two charges heard at the same time. (Tr. 17). Attorney Garcia testified that he had "assess[ed] the evidence[,]" spoke with Pace, and reasoned that he had a "better shot" of winning one trial instead of two. (Tr. 23). Attorney Garcia testified that he was aware that Pace's prior dealing cocaine conviction would be presented to the jury as part of the trial on the two charges but testified that he did not "believe it was in Mr. Pace's best interest to request a severance." (Tr. 23). Attorney Garcia did, however, acknowledge that there was "no benefit" to the jury hearing that Pace had been previously convicted as a drug dealer. (Tr. 22). When asked if he was aware of the *Hines* case at the time he represented Pace at trial, Attorney Garcia testified that he "[did not] recall if [he] was aware of that case of not[.]" (Tr. 33).

Pace's appellate counsel, Attorney Greene, testified that he thought that trial counsel should have filed a motion to bifurcate the two charges and should have objected to the preliminary instruction because it "would [have] taint[ed] [the jury] if they knew [Pace] had prior [sic] been convicted of the Dealing charge [when] he [was] being tried for a new Dealing charge." (Tr. 70). Attorney Greene explained that he did not raise an ineffective assistance of trial counsel issue in Pace's direct appeal because he knew that an ineffective assistance of counsel claim was an issue that should be raised in a petition for post-conviction relief.

On April 25, 2012, the post-conviction court issued an order denying post-conviction relief to Pace. In relevant part, the post-conviction court determined that trial

counsel's decision not to file a motion to bifurcate Pace's two charges was a strategic

decision and that Pace had failed to meet his burden of proving that he had received

ineffective assistance of trial counsel. Pace then filed a motion to correct error, which the

trial court denied. Pace now appeals.

## DECISION

Pace appeals from the post-conviction court's order denying post-conviction relief

on his claims of ineffective assistance of trial and appellate counsel. Our standard of

review in post-conviction proceedings is well settled.

> We observe that post-conviction proceedings do not grant a petitioner a
> "super-appeal" but are limited to those issues available under the Indiana
> Post-Conviction Rules. Post-conviction proceedings are civil in nature, and
> petitioners bear the burden of proving their grounds for relief by a
> preponderance of the evidence. Ind. Post–Conviction Rule 1(5). A
> petitioner who appeals the denial of PCR faces a rigorous standard of
> review, as the reviewing court may consider only the evidence and the
> reasonable inferences supporting the judgment of the post-conviction court.
> The appellate court must accept the post-conviction court's findings of fact
> and may reverse only if the findings are clearly erroneous. If a PCR
> petitioner was denied relief, he or she must show that the evidence as a
> whole leads unerringly and unmistakably to an opposite conclusion than
> that reached by the post-conviction court.

*Shepherd v. State*, 924 N.E.2d 1274, 1280 (Ind. Ct. App. 2010) (internal citations

omitted), *trans. denied.*

Pace argues that he received ineffective assistance of trial and appellate counsel.[5]

We apply the same standard of review to claims of ineffective assistance of appellate

counsel as we apply to claims of ineffective assistance of trial counsel. *Williams v. State*,

---

[5] Contrary to Pace's suggestion, the post-conviction court did not determine that the ineffective assistance of counsel claims were unavailable for review in the post-conviction proceeding. The post-conviction court concluded that any freestanding claim on the bifurcation issue was unavailable.

8

724 N.E.2d 1070, 1078 (Ind. 2000), *reh'g denied*, *cert. denied*. A claim of ineffective assistance of trial counsel requires a showing that: (1) counsel's performance was deficient by falling below an objective standard of reasonableness based on prevailing professional norms; and (2) counsel's performance prejudiced the defendant such that "'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Davidson v. State*, 763 N.E.2d 441, 444 (Ind. 2002) (quoting *Strickland v. Washington*, 466 U.S. 668, 687 (1984), *reh'g denied*), *reh'g denied*, *cert. denied*. "A reasonable probability arises when there is a 'probability sufficient to undermine confidence in the outcome.'" *Grinstead v. State*, 845 N.E.2d 1027, 1031 (Ind. 2006) (quoting *Strickland*, 466 U.S. at 694). "Failure to satisfy either of the two prongs will cause the claim to fail." *Gulzar v. State*, 971 N.E.2d 1258, 1261 (Ind. Ct. App. 2012) (citing *French v. State*, 778 N.E.2d 816, 824 (Ind. 2002)).

Pace argues his trial counsel was ineffective for failing to file a motion to bifurcate his SVF charge from his dealing in amphetamine charge on the basis of the Indiana Supreme Court's decision in *Hines*. Specifically, Pace asserts that "[c]ounsel should have bifurcated the Serious Violent Felon count because Pace's jury was being asked to determine whether Pace possessed with intent to deal amphetamines and would not be able to judge the evidence without bumping into Pace's Drug Dealing conviction and charges that counsel could have easily excluded." Pace's Br. at 16.

The decision regarding whether to file a particular motion is a matter of trial strategy. *Moore v. State*, 872 N.E.2d 617, 620 (Ind. Ct. App. 2007), *reh'g denied*, *trans. denied*. "'[A]bsent an express showing to the contrary, the failure to file a motion does

9

not indicate ineffective assistance of counsel.'" *Id.* at 620-21 (quoting *Glotzbach v. State*, 783 N.E.2d 1221, 1224 (Ind. Ct. App. 2003)). "'To prevail on an ineffective assistance of counsel claim based upon counsel's failure to file motions on a defendant's behalf, the defendant must demonstrate that such motions would have been successful.'" *Moore*, 872 N.E.2d at 621 (quoting *Wales v. State*, 768 N.E.2d 513, 523 (Ind. Ct. App. 2002), *clarified on reh'g*, 774 N.E.2d 116 (Ind. Ct. App. 2002), *trans. denied*).

Here, the post-conviction court concluded that Pace's trial counsel had not rendered ineffective assistance of counsel because trial counsel had made a strategic decision not to file a motion to bifurcate Pace's trial on his dealing amphetamine and SVF charges. "It is well established that 'trial strategy is not subject to attack through an ineffective assistance of counsel claim, unless the strategy is so deficient or unreasonable as to fall outside of the objective standard of reasonableness.'" *Davidson*, 763 N.E.2d at 446 (quoting *Autrey v. State*, 700 N.E.2d 1140, 1141 (Ind. 1998)).

Pace argues that trial "[c]ounsel's decision to have a single trial, where evidence of Pace's Drug Dealing conviction was admitted and argued throughout, was not the result of sound strategy designed to be protected under a *Strickland* analysis." Pace's Br. at 13. Pace points out that *Hines* had been decided almost one year before Attorney Garcia represented Pace at trial and that the bifurcation issue concerning an SVF charge was "not a novel procedure." Pace's Br. at 12. Pace suggests that his trial counsel's decision not to bifurcate was not a reasonable strategic decision because counsel did not follow the case law of *Hines*, which would have required the trial court to grant the motion to bifurcate. We agree.

10

The issue of bifurcation in relation to a trial involving a SVF charge has been considered by our Court on various occasions. For example, in 2001, we explained that, in a trial where a defendant is charged *only* with being a SVF in possession of a firearm, bifurcation was "not practical, or even possible" because the defendant's status as an SVF is an essential element of that SVF offense. *Spearman v. State*, 744 N.E.2d 545, 548 (Ind. Ct. App. 2001), *reh'g denied*, *trans. denied*. We recognized, however, that prejudice may arise when a jury is informed that a defendant has a prior conviction as part of the evidence establishing the status element of a SVF charge, but we noted that "the focus cannot be placed solely on the question of the prejudicial effect of such evidence." *Id.* at 549. We explained that, instead, "the focus should be on whether the prejudice arising from evidence of prior crimes outweighs the probative value of such evidence." *Id.* Finally, we stated that a trial court could "mitigate the prejudicial effect of evidence of a prior conviction by excluding evidence regarding the underlying facts of the prior felony and limiting prosecutorial references thereto." *Id.* at 550.[6]

In August 2003 and January 2004, respectively, our Court and the Indiana Supreme Court addressed the bifurcation issue in the situation where a defendant faces a SVF charge *and* an additional felony charge. In our Court's opinion in *Hines*, which was

[6] We note that members of our Court have expressed their concern with the potential for prejudice in a trial involving a sole SVF charge due to the jury hearing about a defendant's prior conviction and label as a serious violent felon. *See Spearman*, 744 N.E.2d at 550-55 (Darden, J., concurring in part and dissenting in part) (stating that "[b]ecause the accused is clothed with a presumption of innocence, it is antithetical to our system of jurisprudence to label one accused of a crime as a 'serious violent felon' during proceedings to determine guilt"); *Imel v. State*, 830 N.E.2d 913, 920 (Ind. Ct. App. 2005) (Barnes, J., concurring in result) (stating that, where a jury hears repeated references to the defendant being a serious violent felon, there is a "strong possibility that as we now charge and try these [SVF] cases, the fundamental tenant of our American system of criminal law—innocent until proven guilty—is, in my view, seriously challenged"), *trans. denied*.

adopted by our Indiana Supreme Court, we held that the trial court had abused its discretion by denying the defendant's motion to bifurcate his trial where the defendant was charged with a SVF charge and a felony robbery charge because "in the absence of a bifurcated proceeding, [the defendant] did not receive a fair and impartial trial." *Hines*, 794 N.E.2d at 474. We explained that the defendant's status as a serious violent felon was not an essential element of his robbery charge and was not probative of whether the defendant had committed robbery. *Id.* at 472. The Indiana Supreme Court agreed and held that the trial court had abused its discretion by denying the defendant's motion to bifurcate his SVF charge from his robbery charge because "the prejudice arising from evidence necessary to sustain the defendant's [SVF] conviction—evidence of a prior felony conviction—substantially outweighed its probative value for the robbery charge." *Hines*, 801 N.E.2d at 635. The Supreme Court reversed Hines's convictions and remanded for a new trial.

Pace's jury trial was held in November 2004, which occurred almost one year after our Supreme Court had issued its opinion in *Hines*. Pace's trial involved the charge of dealing in amphetamine and the charge of being a SVF in possession of a firearm, in which his status as a SVF was based on his 1992 conviction for dealing in cocaine. Despite being charged with a felony in addition to the SVF charge and the Supreme Court's holding in *Hines*, Pace's trial counsel, Attorney Garcia, did not file a motion to bifurcate the trial on the two charges. Attorney Garcia testified that he did not recall if he was aware of the *Hines* case at the time he represented Pace at trial but acknowledged that Pace's prior dealing conviction was irrelevant and had no probative value to his

12

charge of dealing in amphetamine. Attorney Garcia acknowledged that he could have filed a motion to separate the two charges and that there was "no benefit" to the jury hearing that Pace had been previously convicted as a drug dealer. (Tr. 22). Nevertheless, he testified that he did not file a motion because he did not think it would be beneficial to Pace and thought he had a better chance with proceeding with both charges in the same proceeding.

Based on *Hines*, and under the facts of this case, we conclude that a motion to bifurcate the SVF charge from the dealing charge would have been granted. *See Hines*, 801 N.E.2d at 635. Here, as in *Hines*, the prejudice arising from evidence of Pace's prior dealing conviction substantially outweighed its probative value for the dealing in amphetamine charge. Accordingly, under the specific circumstances here, we conclude that trial counsel's failure to file a motion to bifurcate constituted deficient performance. *See Moore*, 872 N.E.2d at 621 (explaining that to prevail on an ineffective assistance of counsel claim based upon counsel's failure to file a motion on a defendant's behalf, the defendant must demonstrate that such motions would have been successful). *See also Clayton v. State*, 673 N.E.2d 783, 786 (Ind. Ct. App. 1996) (citing *Gann v. State*, 550 N.E.2d 803, 805 (Ind. Ct. App. 1990)) (explaining that where counsel's failure to act is based on ignorance of the law, the nonfeasance will not be deemed strategy and may constitute ineffective assistance of counsel).

Pace, however, must also demonstrate that he was prejudiced by trial counsel's performance. In other words, Pace must show that there is a reasonable probability that, but for counsel's error, the result of the proceeding would have been different. *See*

13

*Davidson*, 763 N.E.2d at 444. A "reasonable probability" has been defined as "'probability sufficient to undermine confidence in the outcome.'" *Grinstead*, 845 N.E.2d at 1031 (quoting *Strickland*, 466 U.S. at 694).

Pace argues that he was prejudiced by counsel's failure to file a bifurcation motion because the jury was allowed to hear evidence of his prior dealing cocaine conviction when determining whether he was guilty of the charge of dealing in amphetamine. Pace also contends that prejudice resulted because his counsel's stipulation to his prior dealing conviction included evidence that would not have otherwise been presented to the jury. Specifically, the stipulation included the charging information for his prior dealing in cocaine conviction, which included charges for two other dealing in cocaine charges for which he was not convicted. Pace argues that "[t]he jury would be hard-pressed to adopt [Attorney] Garcia's argument and exonerate Pace after they learned that Pace had been charged three times with Dealing [in cocaine] and was convicted of one Dealing count in 1992. The 1992 Dealing Cocaine count was not relevant to the instant Dealing count, yet the jury was in no way limited in their consideration of the prior felony." Pace's Br. at 15.

The State contends that Pace was not prejudiced by counsel's failure to file a bifurcation motion and cites to various parts of the evidence, suggesting that the evidence was sufficient to support Pace's convictions for dealing in amphetamine and SVF despite the references to his prior dealing in cocaine conviction.

While there is evidence sufficient to support the convictions, we cannot ignore the fact that there is a "'probability sufficient to undermine confidence in the outcome" due

14

to trial counsel's failure to file a motion to bifurcate the proceeding on the two felony charges. Here, Pace's convictions for dealing in amphetamine (possession with intent to deliver) and possession of a handgun by a SVF were based on constructive possession of the drugs and gun. Due to counsel's failure to file a bifurcation motion, the jury heard multiple references to Pace being a serious violent felon and specific reference to his prior conviction as part of the trial on both charges. For example, in the preliminary instructions and during the prosecutor's opening argument, the jury was told that Pace was a serious violent felon because he had a prior conviction for dealing in cocaine. Furthermore, in addition to the jury hearing that Pace had a prior dealing conviction, it also heard evidence that he had two prior dealing charges for which he was never convicted. As Judge Barnes' so aptly stated in his concurring opinion from Pace's direct appeal:

> I note here my concern with the ability of a person, much less a juror asked to determine the guilt of a suspected drug dealer, to divorce him or herself from the fact that this defendant, presumably clothed with a presumption of innocence, previously has been convicted of being just what he is now alleged to be – a drug dealer.

*Pace v. State*, No. 20A03-0504-CR-158, slip op. at 8; *see also* (App. 207).

Given the prejudicial nature of the evidence regarding his prior dealing in cocaine conviction and dealing charges for which he was not convicted, especially in light of his dealing in amphetamine conviction, we conclude that Pace has met his burden of showing that he was prejudiced by counsel's failure to file a motion to bifurcate. *See, e.g.*, *Gray v. State*, 841 N.E.2d 1210, 1214-20 (Ind. Ct. App. 2006) (reversing the denial of post-conviction relief and the defendant's convictions for SVF, murder, attempted murder, and

15

robbery based on our holding that appellate counsel was ineffective for failing to raise a direct appeal issue challenging the denial of the defendant's motion to bifurcate his SVF charge from his other charges), *trans. denied.* *See also Hines*, 801 N.E.2d at 634 (discussing the prejudice that arises when an SVF charge and another felony charge are heard in the same proceeding).

Because trial counsel's performance was deficient and Pace was prejudiced by that deficient performance, the post-conviction court erred by denying post-conviction relief to Pace on his claim of ineffective assistance of trial counsel. We, therefore, reverse the denial of Pace's petition for post-conviction relief and remand this case for a new trial.[7]

Reversed and remanded.

ROBB, C.J., and MAY, J., concur.

---

[7] Because we conclude that trial counsel rendered ineffective assistance of counsel, we need not reach the ineffective assistance of appellate counsel issue.