**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**STEVEN R. KNECHT**
Vonderheide & Knecht, P.C.
Lafayette, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**CYNTHIA L. PLOUGHE**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JASON TYE MYERS, | ) | |
| | ) | |
| Appellant-Petitioner, | ) | |
| | ) | |
| vs. | ) | No.  79A04-1209-PC-481 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Respondent. | ) | |

APPEAL FROM THE TIPPECANOE SUPERIOR COURT NO. 4
The Honorable Gregory J. Donat, Judge
Cause No. 79D04-1205-PC-2

**May 2, 2013**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BAKER, Judge**

In this case, appellant-petitioner Jason Tye Myers appeals the denial of his petition for post-conviction relief, claiming that the post-conviction court erred in summarily denying his request for relief. Myers contends that he presented facts establishing that his trial counsel was ineffective for failing to file a motion to suppress evidence when police officers learned the name of the co-occupant in Myers's room by examining the motel's guest registration card.

We conclude that Myers failed to show that he had a reasonable expectation of privacy in the motel's business records. Contrary to Myers's assertions, his counsel could not have raised a successful challenge under the Fourth Amendment to the United States Constitution to the motel manager's decision to supply the police officers with the records of the business. Therefore, Myers has not shown that there was any genuine issue of material fact, and we conclude that the post-conviction court did not err in summarily denying his request for relief without a hearing.

The judgment of the post-conviction court is affirmed.

FACTS

As part of an ongoing criminal investigation involving Felicia Norris, Tippecanoe law enforcement officials learned that Myers and Norris were staying together at the Lincoln Lodge on U.S. Highway 52. There were outstanding arrest warrants for Norris in both Clinton and Pulaski counties.

On November 13, 2003, police officers went to Myers's room and asked him if Norris was there. Myers responded that a woman by the name of "Becky Best" was

staying with him. Appellant's App. p. 74. The officers warned Myers that he would be charged with harboring a fugitive if he was lying to them about the woman's identity.

Thereafter, the police officers learned that Norris was, in fact, staying with Myers after the motel manager supplied them with Myers's motel room registration card that listed Norris as the co-occupant. The police officers then returned to Myers's room and arrested Norris. Myers was also arrested and charged with possession of a legend drug, a class D felony, assisting a criminal, a class A misdemeanor, and false informing, a class A misdemeanor.

On June 15, 2004, Myers pleaded guilty to false informing, a class B misdemeanor, and was later sentenced to 180 days of incarceration. In exchange, the State dismissed the remaining charges.

On May 30, 2012, Myers filed a petition for post-conviction relief, alleging that his trial counsel was ineffective. Myers contended, among other things, that his counsel was ineffective for failing "to move to suppress evidence that [Myers] had lied about the fact that . . . Norris . . . was staying in his motel room." Appellant's Br. p. 4. The State responded that even if Myers's assertions were true, he failed to present any material facts that entitled him to post-conviction relief. Thus, the State argued that the post-conviction court should deny Myers's request for relief without a hearing.

On August 24, 2012, the post-conviction court summarily dismissed Myers's petition, concluding that Myers had failed to allege any facts or issues not known to him at the time of the guilty plea, and that:

6.  [Myers] had no expectation of privacy in the motel ledger.

7.  Entry into the motel room was obtained by consent.

8.  There is no colorable suppression issue in the case at bar.

9.  [Myers] failed to allege that he would have been acquitted had he proceeded to trial on this matter, nor has he alleged facts that would rise to a constitutional violation under the Indiana and Federal Constitutions.

Appellant's App. p. 87.  Myers now appeals.

DISCUSSION AND DECISION

I.  Standard of Review

In a post-conviction proceeding, the petitioner must establish the grounds for relief by a preponderance of the evidence.  Ind. Post-Conviction Rule 1(5); Wesley v. State, 788 N.E.2d 1247, 1250 (Ind. 2003).  When challenging the denial of post-conviction relief, the petitioner appeals a negative judgment, and in doing so, faces a rigorous standard of review.  Id.  To prevail, the petitioner must convince this court that the evidence leads unerringly and unmistakably to a decision opposite that reached by the post-conviction court.  Id.

A post-conviction court can dispose of claims without a hearing under Indiana Post-Conviction Rule 1, section 4(g), which provides that a moving party is entitled to judgment as a matter of law if "it appears from the pleadings, depositions, answers to interrogatories, admissions, stipulations of fact, and any affidavits submitted, that there is no genuine issue of material fact."  However, "[i]f an issue of material fact is raised, then the court shall hold an evidentiary hearing as soon as reasonably possible."  Allen v.

4

State, 791 N.E.2d 748, 752 (Ind. Ct. App. 2003. On review, we resolve all doubts about facts and the inferences to be drawn from the facts in the non-movant's favor. Id. at 753. Nevertheless, the appellant still has the burden of persuading us that the post-conviction court erred. Id.

## II.  Myers's Contentions

As noted above, Myers claims that the police officers violated his constitutional rights under the Fourth Amendment when they obtained Norris's identity from the motel registry card.  Myers asserts that his trial counsel was ineffective for failing to file a motion to suppress "because there was a possibility of an error in the ascertainment of the information that Norris, rather than Best, was staying with him."  Appellant's App. p. 11-12.

We review claims of ineffective assistance of counsel in accordance with the principles set forth in Strickland v. Washington:

> [A] claimant must demonstrate that counsel's performance fell below an objective standard of reasonableness based on prevailing professional norms, and that the deficient performance resulted in prejudice.  Prejudice occurs when the defendant demonstrates that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability arises when there is a probability sufficient to undermine confidence in the outcome.

466 U.S. 668, 694 (1984).

The decision as to whether a particular motion should be filed is a matter of trial strategy.  Moore v. State, 872 N.E.2d 617, 620 (Ind. Ct. App. 2007).  Unless there is an

5

"express showing to the contrary, the failure to file a motion does not indicate ineffective assistance of counsel." Id. at 620-21. To prevail on an ineffective assistance of counsel claim based upon on a failure to file a motion, the defendant must demonstrate that those motions would have been successful. Id. at 621.

Here, Myers makes no claim that he had any objectively reasonable expectation of privacy in the information contained in the motel's business records. Indeed, at least two federal appellate courts have held that a defendant has no reasonable expectation of privacy in a motel's registration ledger. United States v. Cormier, 220 F.3d 1103, 1108 (9th Cir. 2000); United States v. Willis, 759 F.2d 1486, 1498 (11th Cir. 1985). We adhere to this rationale and conclude that there is no merit to Myers's argument. See California v. Greenwood, 486 U.S. 35, 40 (1988) (recognizing that an expectation of privacy must be objectively reasonable before it receives Fourth Amendment protection). In other words, Myers's defense counsel would not have prevailed if he had filed a motion to suppress, and Myers has not asserted any facts or directed us to any law that might suggest otherwise. Thus, Myers failed to show that his trial counsel was ineffective, and we conclude that the post-conviction court did not err in summarily dismissing Myers's petition without a hearing.

The judgment of the post-conviction court is affirmed.

MAY, J., and MATHIAS, J., concur.