

**FILED**

Feb 08 2016, 8:34 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Russell W. Brown, Jr.
Office of Lake County Public Defender
Crown Point, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Brian Reitz
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Hervin S. Talley, <br> *Appellant-Petitioner,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Respondent.* | February 8, 2016 <br><br> Court of Appeals Case No. <br> 45A05-1507-PC-1005 <br><br> Appeal from Lake Superior Court. <br> The Honorable Salvador Vasquez, <br> Judge. <br> Cause Nos. 45G01-1208-FB-77, <br> 45G01-1310-PC-18 |

**Darden, Senior Judge**

## Statement of the Case

[1]     Hervin S. Talley was convicted of possession of a firearm by a serious violent felon and two counts of resisting law enforcement. He appealed his convictions but later received permission to terminate his appeal and seek post-conviction

relief. Talley now appeals the denial of his petition for post-conviction relief. We affirm.

## Issue

Talley raises one issue, which we restate as: whether the post-conviction court erred by rejecting his claim of ineffective assistance of trial counsel.

## Facts and Procedural History

On the evening of August 5, 2012, Officer Alejandro Campos of the East Chicago Police Department was on routine patrol in East Chicago, Indiana. He was dispatched to investigate a report of a burglary. The dispatcher directed Officer Campos to look for a suspect who was described as a black male with dreadlocks wearing a white shirt and dark blue jeans.

As Officer Campos drove to the location of the burglary, he saw a person, later identified as Talley, walking on a sidewalk. Talley matched the reported description of the suspect. Officer Campos parked his car, which was fully marked and had its emergency lights activated. Next, Campos, who was in uniform, got out of his car, identified himself as a police officer, and told Talley to stop. Talley turned around, looked at Officer Campos for a moment, and ran away. Officer Campos chased him on foot.

Talley ran to a house that was later identified as his mother's house, opened a gate, and entered the front yard. He shouted for his mother. At that point, Officer Campos caught up to Talley and grabbed him by the shoulder. As they

struggled, Talley pulled a handgun out of his pants. Officer Campos grabbed Talley's wrist and forced him to drop the handgun. It was later discovered that the gun, which was a .40 caliber Taurus semiautomatic, had a round in the chamber and the safety was off.

[6] Officer Campos handcuffed Talley, secured the handgun, and called for backup. When another officer arrived, Officer Campos put Talley in his patrol car. At that point, Talley blurted out to Officer Campos, "Let me go. I'm a convicted felon." Trial Tr. p. 85. As Talley sat in the car, Officer Campos took a picture of him with a cell phone. Later, Officer Campos showed the picture to the burglary victim, and she said Talley was not the burglar.

[7] Subsequently, the State charged Talley with unlawful possession of a firearm by a serious violent felon (SVF), a Class B felony, resisting law enforcement as a Class D felony, and resisting law enforcement as a Class A misdemeanor. The State alleged that Talley was a SVF because he had been convicted of armed robbery in Illinois in 2001.

[8] The case was tried to a jury. On the first day of trial, Talley, by counsel, filed a motion to exclude evidence of his 2001 Illinois conviction for armed robbery. He asserted in the motion that the conviction was: (1) inappropriate evidence of other crimes, wrongs or acts in violation of Indiana Evidence Rule 404; (2) unduly prejudicial in violation of Indiana Evidence Rule 403; and (3) irrelevant because the State would not be able to prove that Talley committed the crime that led to the 2001 conviction, in violation of Indiana Evidence Rule 104(b).

In addition, outside the presence of the jury, Talley argued to the court, "The conviction was in 2001, approximately ten years ago. We believe that is too remote in time and should not be allowed in this case." Trial Tr. p. 22. The trial court denied Talley's motion, ruling that the serious violent felon statute "does not give a time limitation." *Id.*

[9] During the trial, Talley renewed his objection to admission of evidence of the 2001 predicate felony, claiming that the conviction was too old. The court overruled the objection. Officer Campos testified that Talley had blurted out that he was a convicted felon. In addition, the jury heard testimony on three occasions that Talley had been convicted of armed robbery. *Id.* at 108, 144-45, 206. The jurors were shown a certified record from the Illinois Department of Corrections which included a mugshot of Talley and showed that he had been convicted of armed robbery in 2001. State's Trial Ex. 9.

[10] Talley's mother testified during Talley's case-in-chief and contradicted Officer Campos' testimony. She stated that Talley never had the handgun. Instead, she said the handgun belonged to her, she was holding it when she came outside and saw Officer Campos arrest Talley in her front yard, and Officer Campos took it out of her hands and confiscated it. Talley's sister testified to the same. On cross-examination during the State's case-in-chief, Officer Campos denied that Talley's mother had held the handgun.

[11] The jurors determined that Talley was guilty as charged. The trial court sentenced him to an aggregate sentence of ten years.

[12] Talley filed a Notice of Appeal. He obtained new counsel as his appeal progressed, and he filed with the Court a verified motion to remand. In support of his motion, Talley asserted that remand was necessary to develop a factual record to support a claim of ineffective assistance of trial counsel. The Court granted the motion and dismissed his appeal, without prejudice, to his right to appeal after post-conviction proceedings ended.

[13] Next, Talley filed a petition for post-conviction relief. The State filed a response, and the post-conviction court held an evidentiary hearing. After the hearing, the court denied Talley's petition, and he now appeals.

# Discussion and Decision

[14] The Court dismissed Talley's direct appeal under the *Davis-Hatton* procedure, pursuant to which an appellate court may, upon an appellant's motion, terminate or suspend a direct appeal to allow the appellant to pursue a petition for post-conviction relief in the trial court. *See White v. State*, 25 N.E.3d 107, 121 (Ind. Ct. App. 2014), *trans. denied, cert. denied*, 136 S. Ct. 595 (2015). If the post-conviction court denies the petition, then the appeal may be reinstated, and the issues that would have been raised on direct appeal and the issues litigated in the post-conviction relief proceeding can be raised together. *Id.* The procedure is useful where a defendant needs to develop an evidentiary record to support a claim of ineffective assistance of trial counsel. *Peaver v. State*, 937 N.E.2d 896, 899 (Ind. Ct. App. 2010), *trans. denied*. In this appeal, Talley does not present any claims that he could have raised in his direct appeal, instead

focusing entirely on the post-conviction court's rejection of his claim of ineffective assistance of trial counsel.

[15] Talley is appealing from a negative judgment and bears the burden of proof. *Wilkes v. State*, 984 N.E.2d 1236, 1240 (Ind. 2013). He must convince the Court that there is no way within the law that the post-conviction court could have reached the decision it did. *Id.* We review the court's factual findings for clear error but do not defer to its conclusions of law. *Id.* We will not reweigh the evidence or judge the credibility of witnesses. *Hinesley v. State*, 999 N.E.2d 975, 981 (Ind. Ct. App. 2013), *trans. denied*. Instead, we consider only the probative evidence and reasonable inferences flowing therefrom that support the post-conviction court's decision. *Id.*

[16] Claims of ineffective assistance of counsel are evaluated using the *Strickland* standard articulated by the United States Supreme Court. *Wilkes*, 984 N.E.2d at 1240. The standard has two elements. First, a petitioner must demonstrate that counsel performed deficiently based upon prevailing professional norms. *Id.* Counsel is afforded considerable discretion in choosing strategy and tactics, and we will accord those decisions deference. *Timberlake v. State*, 753 N.E.2d 591, 603 (Ind. 2001). Counsel's performance is presumed effective, and a defendant must offer strong and convincing evidence to overcome this presumption. *Kubsch v. State*, 934 N.E.2d 1138, 1147 (Ind. 2010). To prevail on an ineffective assistance of counsel claim based upon counsel's failure to file a motion, the petitioner must demonstrate that the motion would have been

successful. *Moore v. State*, 872 N.E.2d 617, 621 (Ind. Ct. App. 2007), *trans. denied*.

[17] Second, a petitioner must establish that counsel's deficient performance resulted in prejudice to the petitioner. *Wilkes*, 984 N.E.2d at 1240. That is, the defendant must show a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *Id.* at 1241. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id.*

[18] Talley asserts that his trial counsel should have filed a motion to bifurcate the charge of possession of a handgun by a SVF from the charges of resisting law enforcement because he was unduly prejudiced as to the resisting charges when the jury heard evidence that he was a SVF. The State responds that a motion to bifurcate would have failed and that counsel's decision to refrain from seeking bifurcation was a strategic choice that this Court cannot second-guess.

[19] We turn to whether trial counsel performed deficiently. In preparation for trial, Talley's counsel, who has sixteen years alone of criminal defense experience as a part-time attorney with the Lake County public defender's office, sent an investigator to examine the scene of the crimes and to interview witnesses, conducted depositions of the State's witnesses, reviewed discovery provided by the State, and consulted with Talley.

[20] After reviewing the State's documents and talking with witnesses for both sides, counsel chose a strategy of directly challenging the State's evidence that Talley

possessed a handgun. She intended to call witnesses to testify that Talley did not have a gun during the events at issue.

[21] The evidence shows that counsel is familiar with the case law that governs bifurcation of trials. She considered filing a motion to bifurcate, but she concluded that it would not succeed because the facts related to the various offenses were interconnected. Furthermore, she thought that Talley's prior conviction, although prejudicial, could be properly admitted as evidence of motive. Conversely, the prior conviction could have also established a motive to refrain from carrying a firearm. Counsel expected to call several witnesses to testify that Talley did not have a gun during the events at issue, and she believed those witnesses would tell the jury that Talley would never carry a gun because he was a convicted felon. Counsel concluded under these circumstances that moving to exclude the evidence of prior convictions on grounds of staleness was the best option to keep the jury from ever learning of the convictions.

[22] Pursuant to Indiana Evidence Rule 404(B), evidence of a prior conviction may be relevant to prove purposes, including motive.[1] However, even if evidence of

---

[1] Talley argues that we may not consider whether the prior conviction was admissible as evidence of motive because the State did not present the motive argument during Talley's original trial. Talley's argument fails because the State presented the motive argument during post-conviction proceedings, and the post-conviction court had the opportunity to consider that argument in ruling upon Talley's claim of ineffective assistance of trial counsel.

a prior conviction is relevant, the probative value of such evidence must not be outweighed by the danger of unfair prejudice. Ind. Evidence Rule 403.

[23] Talley's trial counsel was correct that Talley's prior robbery conviction could have been relevant to prove motive in connection with the charges of resisting law enforcement. *See Fuentes v. State*, 10 N.E.3d 68, 73 (Ind. Ct. App. 2014) (presence of a rifle in defendant's car was admissible at trial because it was evidence of his motive to flee from the police in the car and on foot), *trans. denied*. In addition, the relevance of Talley's prior conviction was not substantially outweighed by undue prejudice because the jury also heard that Talley had blurted out to Officer Campos, "Let me go. I'm a convicted felon" during his arrest. Trial Tr. p. 85. Based on Talley's admission against his own interest, it was unlikely that the jury would give undue weight to evidence of the armed robbery conviction as described by the State's witnesses. *See Fuentes*, 10 N.E.3d at 73 (admission of rifle not unduly prejudicial where the jury heard evidence that defendant also possessed a handgun).

[24] If Talley's trial counsel had filed a motion to bifurcate, the trial court would not have been obligated to grant the motion because evidence of Talley's prior conviction for armed robbery was relevant and admissible to prove his motive for resisting law enforcement. As a result, counsel made a strategic decision not to pursue bifurcation but rather to try to exclude Talley's prior conviction and to challenge the State's evidence by presenting evidence that Talley never possessed the handgun. We afford deference to such decisions.

[25] Talley cites *Hines v. State*, 801 N.E.2d 634 (Ind. 2004), and *Pace v. State*, 981 N.E.2d 1253 (Ind. Ct. App. 2013), in support of his claim that the trial court would have been compelled to grant bifurcation had it been requested, but those cases are factually distinguishable. In *Hines*, the defendant was charged with possession of a firearm by a SVF and robbery, and the prior felony conviction was not relevant to the robbery charge. 801 N.E.2d at 635. In *Pace*, the defendant was charged with possession of a firearm by a SVF and Class B felony dealing in methamphetamine, and the prior conviction was not relevant to the dealing charge. 981 N.E.2d at 1260. By contrast, Talley's prior conviction for armed robbery was relevant to prove his motive to commit the offense of resisting law enforcement.

[26] The post-conviction court did not err in rejecting Talley's claim that trial counsel rendered deficient performance, so it is unnecessary to address the element of prejudice. *Emerson v. State*, 695 N.E.2d 912, 918 (Ind. 1998) (failure to establish both elements of a claim of ineffective assistance of counsel "will cause the entire claim to fail."). Nonetheless, we note as to prejudice that, even if trial counsel had filed a motion to bifurcate and the trial court had granted the motion, the jury still would have heard during the trial on the charges of resisting law enforcement that Talley had blurted out to Officer Campos that he was a convicted felon. *See* Ind. Evidence Rule 801(D)(1) (a party-opponent's statements are not hearsay and may be admitted). Thus, the jury would have in any event learned that Talley had a prior felony, and it is unclear whether being

told that the prior felony was specifically an armed robbery would have resulted in a different outcome.

# Conclusion

For the reasons stated above, we affirm the judgment of the post-conviction court.

Affirmed.

Baker, J., and Najam, J., concur.