## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Oct 24 2017, 8:50 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Jeffrey A. Baldwin
Tyler D. Helmond
Voyles Zahn & Paul
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

James B. Martin
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Jamie Cole,

*Appellant-Petitioner,*

v.

State of Indiana,

*Appellee-Respondent.*

October 24, 2017

Court of Appeals Case No.
58A01-1612-PC-2797

Appeal from the Ohio Circuit Court.
The Honorable James D. Humphrey, Judge.
Trial Court Cause No.
58C01-1410-PC-2

**Barteau, Senior Judge**

## Statement of the Case

[1]     Jamie Cole appeals the denial of his petition for post-conviction relief.  We affirm.

# Issue

[2] Cole raises one issue, which we restate as: whether the post-conviction court erred in denying his claim of ineffective assistance of counsel.

# Facts and Procedural History

[3] On May 23, 2012, an officer employed by the Rising Sun Police Department (RSPD) stopped a Jeep in Ohio County. Katherine Cole (Katherine) was driving. Her husband, Jamie Cole, and their infant child were in the vehicle.

[4] Other officers arrived at the scene to assist. They arrested Katherine for driving with a suspended license, driving with an expired license plate, and operating a vehicle without proof of financial responsibility. Cole also lacked a valid driver's license. The officers impounded the Jeep, and an officer conducted an inventory search of its contents, including Katherine's purse. The purse contained fifty (50) grams of marijuana, thirty-three (33) pills that were later identified as various controlled substances (all opioid painkillers), a pill grinder, a plastic straw, and a set of digital scales.

[5] The police took Cole into custody after finding the contraband. Detective Norman Rimstidt of the RSPD questioned Cole and Katherine separately. Katherine claimed the marijuana and pills belonged to her and that "Jamie had nothing to do" with those items. Tr. Ex. Vol., Petitioner's Ex. 1. Similarly, Cole denied any involvement with the marijuana and controlled substances, claiming Katherine "had a pill problem" and had "snorted pills and smoked marijuana in the past." *Id*. After questioning Cole and Katherine, the police

obtained search warrants for an apartment and a unit at a storage facility, as well as for Katherine's phone.

[6] On May 25, 2012, the State charged Cole with dealing in cocaine or a narcotic drug, a Class B felony; dealing in a schedule I, II, or III controlled substance, a Class B felony; dealing in a schedule IV controlled substance, a Class C felony; dealing in marijuana, a Class D felony; possession of cocaine or a narcotic drug, a Class D felony; possession of a controlled substance, a Class D felony; possession of marijuana, a Class D felony; possession or use of a legend drug or precursor, a Class D felony; possession of paraphernalia, a Class A misdemeanor; maintaining a common nuisance, a Class D felony; and neglect of a dependent, a Class D felony. The State also filed an habitual offender sentencing enhancement.

[7] Cole and the State negotiated a plea agreement. Pursuant to the agreement, Cole pleaded guilty to dealing in a narcotic drug, a Class B felony. Sentencing would be left to the discretion of the trial court, and the State promised not to recommend a specific sentence. In turn, Cole agreed to waive his right to appeal the sentence imposed by the trial court. Finally, the State agreed to dismiss all other charges and the habitual offender sentencing enhancement.

[8] On April 26, 2013, the court sentenced Cole to twenty (20) years. Per the terms of his plea agreement, Cole did not appeal his sentence.

[9] On October 20, 2014, Cole filed a pro se petition for post-conviction relief. He later obtained counsel, who amended the petition for post-conviction relief to raise a claim of ineffective assistance of counsel. The post-conviction court held an evidentiary hearing on October 7, 2016. Cole's trial counsel did not testify at the hearing.

[10] After the hearing, the post-conviction court denied Cole's petition, concluding, "Petitioner has failed to show that his trial attorney's performance fell below an objective standard of reasonableness, and that this deficient performance prejudiced him." Appellant's App. Vol. II, p. 126. This appeal followed.

## Discussion and Decision

[11] In post-conviction proceedings, the petitioner bears the burden of establishing the grounds for relief by a preponderance of the evidence. *Helton v. State*, 907 N.E.2d 1020, 1023 (Ind. 2009). To prevail on appeal from the denial of post-conviction relief, the petitioner must show that the evidence as a whole leads unerringly and unmistakably to a conclusion opposite that reached by the trial court. *Hollowell v. State*, 19 N.E.3d 263, 269 (Ind. 2014). We will not reweigh the evidence or judge the credibility of witnesses. *Wine v. State*, 637 N.E.2d 1369, 1373 (Ind. Ct. App. 1994), *trans. denied*. We review the trial court's findings for clear error but do not defer to its conclusions of law. *Talley v. State*, 51 N.E.3d 300, 303 (Ind. Ct. App. 2016), *trans. denied*.

[12] Cole argues his trial counsel rendered ineffective assistance by failing to file a motion to suppress all evidence discovered through the seizure of the Jeep and

the inventory search, which led to the discovery of contraband in Katherine's purse. He claims that the officers acted unconstitutionally in impounding the Jeep and in conducting the search. Cole further claims that if his counsel had filed a motion to suppress, it would have been successful, and he would not have needed to plead guilty. The State responds that Cole had no grounds to object to the inventory search, and in any event the impoundment of the Jeep and the inventory search did not infringe upon his rights.

[13] To establish a claim of ineffective assistance of counsel, a defendant must demonstrate that counsel performed deficiently and the deficiency resulted in prejudice. *Helton*, 907 N.E.2d at 1023. Counsel performs deficiently when his or her work falls below an objective standard of reasonableness based on prevailing professional norms. *Polk v. State*, 822 N.E.2d 239, 245 (Ind. Ct. App. 2005), *trans. denied*. Counsel's performance is presumed effective, and a defendant must offer strong and convincing evidence to overcome this presumption. *Talley*, 51 N.E.3d at 303. As for the test for prejudice, the petitioner must show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Polk*, 822 N.E.2d at 245.

[14] To prevail on an ineffective assistance of counsel claim based upon counsel's failure to file a motion, such as a motion to suppress, the petitioner must demonstrate that the motion, if filed, would have been successful. *Talley*, 51 N.E.3d at 303. We must consider whether the seizure of the vehicle and the search of Katherine's purse was unconstitutional as to Cole.

[15] The Fourth Amendment provides in relevant part, "the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated." Similarly, article I, section 11 of the Indiana Constitution provides, in relevant part: "the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable search or seizure, shall not be violated."

[16] A key question is whether Cole could have raised a valid objection to the admission of evidence obtained from the search of Katherine's purse. For purposes of the Fourth Amendment, a defendant may not challenge the constitutionality of a search unless he or she can demonstrate that he or she had a reasonable expectation of privacy in the place to be searched. *Sidener v. State*, 55 N.E.3d 380, 384 (Ind. Ct. App. 2016). A defendant aggrieved by an illegal search and seizure only through the introduction of prejudicial evidence secured by the search of a third person's premises has not suffered infringement upon his or her Fourth Amendment rights. *Bradley v. State*, 4 N.E.3d 831, 839 (Ind. Ct. App. 2014), *trans. denied*.

[17] In this case, when Detective Rimstidt questioned Cole, he "denied any involvement with the drugs." Tr. Ex. Vol., Petitioner's Ex. 1, p. Instead, he stated "Katherine had a pill problem and that she had snorted pills and smoked marijuana in the past." *Id.* Katherine told Detective Rimstidt that Cole had nothing to do with the contraband. Detective Rimstidt further testified that he had asked Cole if anything in the purse belonged to him, and Cole said no. In addition, the officer stated that aside from a prescription medicine bottle

bearing Cole's name, he did not see anything in the purse that appeared to belong to Cole.

[18] Cole testified during the post-conviction hearing that he lied when he originally told the detective that he had no interest in the purse. Cole further testified that he regularly stored personal items in Katherine's purse and sometimes carried it with him when Katherine was not around. The post-conviction court found Cole's testimony on this issue to be "unpersuasive." Appellant's App. Vol. II, p. 126. We may not second-guess the court's credibility determinations. We conclude that Cole has failed to demonstrate that he had a reasonable expectation of privacy in Katherine's purse. *See Rawlings v. Kentucky*, 448 U.S. 98, 105, 100 S. Ct. 2556, 2561, 65 L. Ed. 2d 633 (1980) (defendant failed to prove he had expectation of privacy in acquaintance's purse, in which he had hidden controlled substances).

[19] Turning to the Indiana Constitution, as a general rule a challenge to a search under article I, section 11 "differs in some respects from standing to assert a Fourth Amendment claim." *Campos v. State*, 885 N.E.2d 590, 598 (Ind. 2008). The Indiana Constitution provides protections for claimed possessions regardless of the defendant's interest in the place where the possession was found. *Id.* Nevertheless, it remains true that "if the facts fail to establish that the alleged illegal search and seizure actually concerned the person, house, papers or effects of the defendant," he or she will not have standing to challenge the alleged illegality. *Peterson v. State*, 674 N.E.2d 528, 534 (Ind. 1996).

[20] In this case, viewing the facts in the light most favorable to the judgment, at the time of the police investigation Cole disclaimed any interest in the purse or its contents. Later, during the post-conviction hearing he claimed an interest in the purse and in a prescription bottle bearing his name that was found in the purse, but the post-conviction court did not find Cole's testimony to be credible. We cannot conclude that Cole demonstrated an ownership interest in the purse for purposes of article I, section 11, and he thus lacked standing to challenge a search of the purse.

[21] Even if Cole had grounds to raise constitutional challenges to the search and seizure of the Jeep and its contents, Cole would have had to demonstrate that the impoundment and the subsequent inventory search was inappropriate. The Fourth Amendment, as applied to the states through the Fourteenth Amendment, generally requires a warrant for a search to be considered reasonable. *Jackson v. State*, 890 N.E.2d 11, 17 (Ind. Ct. App. 2008). One well-recognized exception to the warrant requirement is a valid inventory search of a vehicle following a valid impoundment. *Id.* Impoundment is proper when it is part of the routine administrative caretaking function of the police or is otherwise authorized by statute. *Id.*

[22] Indiana Code section 9-18-2-43 (2005) provides, in relevant part:

> a law enforcement officer authorized to enforce motor vehicle laws who discovers a vehicle required to be registered under this article that does not have the proper certificate of registration or license plate:

(1) shall take the vehicle into the officer's custody; and

(2) may cause the vehicle to be taken to and stored in a suitable place until:

(A) the legal owner of the vehicle can be found; or

(B) the proper certificate of registration and license plates have been procured.

[23] There is no dispute that Katherine and Cole's vehicle did not have a proper license plate. As a result, the officer was required by statute to take the Jeep into his custody, and he properly arranged to have it towed. Cole acknowledges he did not have a valid license but argues the officer should have let him call his roadside assistance program to have the vehicle towed without being impounded. Allowing Cole to tow the Jeep without impoundment would not necessarily have fulfilled Indiana Code section 9-18-2-43's goal of ensuring the vehicle is not driven again until proper license plates have been procured. The officers' decision to impound the vehicle did not violate the Fourth Amendment.

[24] Next, to be valid under the Fourth Amendment, an inventory search must be conducted pursuant to and in conformity with standard police procedures. *Whitley v. State*, 47 N.E.3d 640, 645 (Ind. Ct. App. 2015), *trans. denied*. Inventory searches serve three purposes: (1) protection of private property in police custody; (2) protection of police against claims of lost or stolen property; and (3) protection of police from possible danger. *Id.* An inventory search

must not be a ruse for general rummaging to discover incriminating evidence. *Id.* (quotation omitted).

[25] In the current case, Cole does not argue that the officers failed to follow standard inventory procedures. Rather, he claims the officers should have simply given him Katherine's purse without searching it. As the petitioner, Cole bore the burden of proving that the officers failed to comply with established police department policies in conducting the search. He failed to submit any evidence to the post-conviction court regarding relevant department policies on inventory searches and whether the officers complied with them. The department's inventory policy reasonably could have required the officers to search the purse. *See, e.g., Moore v. State*, 637 N.E.2d 816, 820 (Ind. Ct. App. 1994) (considering a police department's impoundment policy that required an "[i]nventory of all items in the vehicle, which are not regular parts or accessories to the car"), *trans. denied*. Indeed, in this case the RSPD issued a receipt for the purse and its contents. Cole has failed to demonstrate that the inventory search violated the Fourth Amendment.

[26] Turning to article I, section 11 of the Indiana Constitution, as a general rule the Indiana Supreme Court interprets and applies that provision independently from the Fourth Amendment. *Whitley*, 47 N.E.3d at 648. The purpose of article I, section 11 is to protect from unreasonable police activity those areas of life that Hoosiers regard as private. *Mitchell v. State*, 745 N.E.2d 775, 786 (Ind.

2001). In resolving challenges under section 11, courts must consider whether the police intrusion was reasonable under the totality of the circumstances. *Id.* We consider: (1) the degree of concern, suspicion, or knowledge that a violation has occurred; (2) the degree of intrusion the method of the search or seizure imposes on the citizen's ordinary activities; and (3) the extent of law enforcement needs. *Holloway v. State*, 69 N.E.3d 924, 931 (Ind. Ct. App. 2017), *trans. denied*.

[27] In this case, the officers' decision to impound the Jeep was authorized by statute, and they were aware that the driver, Katherine, had committed several criminal offenses. Furthermore, the seizure was a minimal, reasonable intrusion on Cole's right of ownership in the Jeep because he was not licensed to drive, and without proper license plates the vehicle was not drivable in any event. Further, impoundment served important law enforcement needs, namely ensuring the Jeep was not driven again without proper plates, insurance, and a properly licensed driver.

[28] The inventory search was also reasonable under the totality of the circumstances. Again, the officers were already aware that Katherine had committed offenses. Based on the record before us, the intrusion caused by the search was minimal because there is no indication that the officers permanently seized anything other than the contraband. Finally, the officers needed to conduct the search to ensure that the Coles' personal property would be taken

care of during impoundment and to protect themselves from possible claims of theft. *See Whitley*, 47 N.E.3d at 649 (impoundment of car in roadway and inventory search of vehicle, which led to discovery of contraband, did not violate article I, section 11).

[29] In summary, if Cole's trial attorney had filed a motion to suppress evidence obtained from the inventory search on grounds that the search and seizure violated Cole's rights under the Fourth Amendment and article I, section 11, that motion would not have prevailed because Cole did not have an expectation of privacy in Katherine's purse or standing to challenge that portion of the inventory search. Furthermore, the impoundment of the vehicle and the search of the purse did not infringe upon Cole's constitutional protections against unconstitutional search and seizure. As a result, the post-conviction court did not err in rejecting Cole's claim of ineffective assistance, because prevailing professional norms do not require counsel to file a motion that would not have been granted.

# Conclusion

[30] For the reasons stated above, we affirm the judgment of the trial court.

[31] Affirmed.

Kirsch, J., and Bailey, J., concur.