## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Oct 30 2020, 10:51 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT, PRO SE

Jermy J. Rohrer
New Castle, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Justin F. Roebel
Supervising Deputy Attorney
General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Jermy J. Rohrer, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | October 30, 2020 <br><br> Court of Appeals Case No. <br> 19A-MI-1319 <br><br> Appeal from the Elkhart Superior Court <br><br> The Honorable Teresa L. Cataldo, Judge <br><br> Trial Court Cause No. <br> 20D03-1804-MI-171 |

**Pyle, Judge.**

# Statement of the Case

Jermy J. Rohrer ("Rohrer") appeals from the post-conviction court's denial of his petition for post-conviction relief. Rohrer argues that the post-conviction court erred by denying him post-conviction relief. Concluding that there was no error, we affirm the post-conviction court's judgment.

We affirm.

# Issue

Whether the post-conviction court erred by denying post-conviction relief to Rohrer.

# Facts[1]

In April 2008, the State charged Rohrer with four counts of Class C felony child molesting based on four allegations that Rohrer had molested his daughter between January 2004 and March 2008 in Elkhart County. The four counts specified that each act of alleged molestation had occurred on "a date separate" from the other counts. (Ex. Vol. at 3). During Rohrer's April 2013 jury trial, Rohrer's daughter testified that Rohrer had touched her with his hand and penis

---

[1] We note that Rohrer's Statement of the Case contains argument and does not, as required by Indiana Appellate Rule 46(A)(5), "briefly describe the nature of the case, the course of the proceedings relevant to the issues presented for review, and the disposition of these issues by the trial court[.]" We also direct Rohrer's attention to Indiana Appellate Rule 46(A)(6)(c), which provides that an appellant's Statement of Facts "shall be in narrative form." Lastly, we note that Rohrer included a copy of the post-conviction transcript and exhibits in his Appendix. "Because the Transcript is transmitted to the Court on Appeal pursuant to [Appellate] Rule 12(B), [an appellant] should not reproduce any portion of the Transcript in the Appendix." App. R. 50(F).

when she was in third grade, fourth grade, fifth grade, and sixth grade. The jury convicted Rohrer as charged. During Rohrer's May 2013 sentencing hearing, his counsel argued that the trial court should impose "concurrent" sentences that "lean toward rehabilitation[.]" (Ex. Vol. at 33). The trial court imposed a six (6) year sentence on each of the four Class C felony child molesting convictions and ordered the sentences to be served consecutively.

[4] In June 2013, Rohrer commenced a direct appeal under Cause Number 20A03-1306-CR-225.[2] In May 2014, this Court dismissed Rohrer's appeal with prejudice based on his failure to show cause regarding his failure to provide payment to the trial court reporter. Thereafter, Rohrer filed two petitions for post-conviction relief, one in 2015 and the second in 2017. Rohrer moved to dismiss both post-conviction petitions without prejudice.

[5] In February 2018, Rohrer filed a writ of habeas corpus petition ("habeas petition") and a memorandum in support thereof. Rohrer filed his habeas petition in Henry County, which is the county where he is incarcerated. Rohrer generally argued that his trial counsel had "rendered ineffective assistance at every stage of his pre-trial hearings, trial proceedings, and sentencing hearing." (App. Vol. 2 at 15). He did not make any specific allegations of how trial counsel had been ineffective. Rohrer also raised a freestanding claim of double jeopardy, arguing that all four of his child molesting convictions were "based on

---

[2] This Court takes judicial notice of the docket in appellate cause 20A03-1306-CR-225.

the same incident." (App. Vol. 2 at 18). Thereafter, in April 2018, the Henry County trial court, Pursuant to Post-Conviction Rule 1(1)(c), transferred Rohrer's petition to his county of conviction, Elkhart County, so that the petition could be treated and heard as a post-conviction petition.

[6] In January 2019, the post-conviction court in Elkhart County held a post-conviction hearing. Rohrer appeared pro se. At the beginning of the hearing, the parties clarified that Rohrer had two post-conviction claims: (1) ineffective assistance of trial counsel; and (2) double jeopardy. The State argued that Rohrer's freestanding claim of double jeopardy was not a proper ground for relief in a post-conviction proceeding.

[7] During the hearing, Rohrer was the sole witness. Rohrer stated that he had not subpoenaed his trial counsel because trial counsel was dead.[3] As exhibits, Rohrer tendered: (1) a copy of the chronological case summary from his trial cause; (2) his charging information; (3) a few of the final jury instructions that set forth the elements of his crimes; and (4) a transcript of his sentencing hearing.[4] Pursuant to the State's request, the post-conviction court took judicial notice of Rohrer's underlying cause, 20D03-0807-FC-25, including the trial transcript.

---

[3] Rohrer's trial counsel was also his appellate counsel.

[4] Rohrer also offered multiple pages of a transcript as an exhibit. The State objected to the exhibit based on the lack of authentication, pointing out that the exhibit had no cover page, no indication of who was testifying, and no certification. The post-conviction court sustained the objection and excluded the exhibit.

[8] All of Rohrer's post-conviction arguments were based on the fact that he had been charged with four counts of child molesting that had involved a touching or fondling of his daughter. Rohrer argued that his trial counsel had rendered ineffective assistance by failing to: (1) move to sever the four counts of child molesting; (2) object to the jury instruction in which the trial court instructed the jury that all four counts of Class C felony child molesting had the same elements; and (3) object to imposition of consecutive sentences based on double jeopardy. In regard to his freestanding double jeopardy claim, Rohrer argued that the imposition of consecutive sentences violated double jeopardy because the trial court had sentenced him to consecutive sentences for his offenses that had the same element for each count.[5]

[9] Rohrer made general assertions and argument on his claims. For example, when arguing that his trial counsel was ineffective for failing to sever the four child molesting counts, Rohrer asserted that if counsel had moved to sever, then "the end result would have been a sentence more appropriate to the cause at hand." (Tr. Vol. 2 at 22). Rohrer also argued that had his trial counsel objected to the consecutive sentences based on double jeopardy, then he "would have been effective as counsel[.]" (Tr. Vol. 2 at 35). The post-conviction court explained to Rohrer that to prove his ineffective assistance of counsel claim, he would need to show that an alleged motion would have been granted and how

---

[5] Rohrer also cited the standard of review for ineffective assistance of appellate counsel. At the end of his argument, he made a reference that his counsel had "not file[d] a timely appeal brief" that raised the "sentencing issue[,] leaving Rohrer "at the mercy of the court." (App. Vol. 2 at 36).

the result would have been different. At the end of Rohrer's argument, he confirmed that he was seeking relief on: (1) his claim that his trial counsel had rendered ineffective assistance during "pre-trial hearings, trial proceedings, [and] sentencing hearing[;]" and (2) his claim of double jeopardy. (Tr. Vol. 2 at 37).

[10] When the State cross-examined Rohrer, he admitted that his daughter's trial testimony revealed that he had molested her when she was in third grade, fourth grade, fifth grade, and sixth grade. Rohrer also acknowledged that his trial counsel, whom Rohrer had hired, had completed various tasks while representing Rohrer. More specifically, Rohrer's counsel had met with Rohrer before trial, attended court hearings, filed various motions on Rohrer's behalf, represented him during the jury trial by making opening and closing arguments and cross-examining witnesses.

[11] On April 10, 2019, the post-conviction court issued an order, reiterating that Rohrer was seeking post-conviction relief based on two claims: (1) ineffective assistance of trial counsel; and (2) double jeopardy. The post-conviction court concluded that Rohrer was not entitled to post-conviction relief on either claim.[6]

---

[6] The post-conviction court ruled upon Rohrer's ineffective assistance of trial counsel claim based on the assertion of his claim as contained in his post-conviction petition, treating the claim as a failure to investigate. The post-conviction court did not individually review Rohrer's ineffective assistance of trial counsel arguments that he had asserted during the post-conviction hearing. The post-conviction court reviewed Rohrer's double jeopardy claim as a freestanding claim of error.

[12] Thereafter, Rohrer filed a motion to correct error, in which he argued the same ineffective assistance of trial counsel claims (severance, instructions, and consecutive sentencing) and freestanding double jeopardy claim. He also argued that his counsel was ineffective for failing to object to the victim's trial testimony, and he generally stated that his counsel's failure to "file a timely appeal brief" left him "at the mercy of the court." (App. Vol. 2 at 55). The post-conviction court denied Rohrer's motion.

[13] Just prior to filing his notice of appeal with this Court, Rohrer filed an amended motion to correct error with the post-conviction court. He again raised ineffective assistance of trial counsel and double jeopardy claims, and he also argued that appellate counsel rendered ineffective assistance by failing to challenge his consecutive sentencing on appeal. The post-conviction court denied Rohrer's amended motion. Rohrer now appeals.

## Decision

[14] Rohrer argues that the post-conviction court erred by denying him post-conviction relief. At the outset, we note that Rohrer has chosen to proceed pro se. It is well settled that pro se litigants are held to the same legal standards as licensed attorneys. *Evans v. State*, 809 N.E.2d 338, 344 (Ind. Ct. App. 2004), *trans. denied*. Thus, pro se litigants are bound to follow the established rules of procedure and must be prepared to accept the consequences of their failure to do so. *Id.* "We will not become a party's advocate, nor will we address arguments that are inappropriate, improperly expressed, or too poorly

developed to be understood." *Barrett v. State*, 837 N.E.2d 1022, 1030 (Ind. Ct. App. 2005), *trans. denied*.

[15] Our standard of review in post-conviction proceedings is well settled.

> We observe that post-conviction proceedings do not grant a petitioner a "super-appeal" but are limited to those issues available under the Indiana Post-Conviction Rules. Post-conviction proceedings are civil in nature, and petitioners bear the burden of proving their grounds for relief by a preponderance of the evidence. Ind. Post-Conviction Rule 1(5). A petitioner who appeals the denial of PCR faces a rigorous standard of review, as the reviewing court may consider only the evidence and the reasonable inferences supporting the judgment of the post-conviction court. The appellate court must accept the post-conviction court's findings of fact and may reverse only if the findings are clearly erroneous. If a PCR petitioner was denied relief, he or she must show that the evidence as a whole leads unerringly and unmistakably to an opposite conclusion than that reached by the post-conviction court.

*Shepherd v. State*, 924 N.E.2d 1274, 1280 (Ind. Ct. App. 2010) (internal case citations omitted), *trans. denied.* "We review the post-conviction court's factual findings under a 'clearly erroneous' standard but do not defer to the post-conviction court's legal conclusions." *Stephenson v. State*, 864 N.E.2d 1022, 1028 (Ind. 2007), *reh'g denied*, *cert. denied*. Additionally, "[w]e will not reweigh the evidence or judge the credibility of the witnesses; we examine only the probative evidence and reasonable inferences that support the decision of the post-conviction court." *Id.*

[16] On appeal, Rohrer raises the freestanding double jeopardy claim that he raised in his post-conviction petition and the ineffective assistance of trial counsel claims that he argued during his post-conviction hearing. Specifically, he contends that trial counsel rendered ineffective assistance by failing to: (a) move to sever the charges; (b) object to instructions regarding the elements of the charged offenses; and (c) object to consecutive sentencing.[7]

[17] We first address Rohrer's freestanding double jeopardy argument. "On post-conviction review, aside from claims of ineffective assistance of counsel, a petitioner may only raise issues that were unknown and unavailable at the time of the original trial or direct appeal." *Pannell v. State*, 36 N.E.3d 477, 494 (Ind. Ct. App. 2015) (citing *Stephenson*, 864 N.E.2d at 1028), *trans. denied*. "Thus, if an issue was known and available but not raised on direct appeal, the issue is procedurally foreclosed." *Stephenson*, 864 N.E.2d at 1028. Here, Rohrer's freestanding double jeopardy claim is based on his trial proceedings; accordingly, it was known and available at the time of the original trial and direct appeal, making the issue procedurally foreclosed and unavailable as a

---

[7] Rohrer also argues that: (1) his trial counsel rendered ineffective assistance by failing to object to the victim's trial testimony regarding the four acts of molestation that he committed against her; and (2) his appellate counsel rendered ineffective assistance. These claims are waived because Rohrer did not raise them in his post-conviction petition. *See Stevens v. State*, 770 N.E.2d 739, 746 (Ind. 2002), *reh'g denied*, *cert. denied*; Ind. Post-Conviction Rule 1(8) ("All grounds for relief available to a petitioner under this rule must be raised in his original petition."). Additionally, we recognize that he included them in his motion to correct error, but "it is well-established that arguments raised for the first time in a motion to correct error are waived on appeal." *Cunningham v. Barton*, 139 N.E.3d 1081, 1092 (Ind. Ct. App. 2019) (citing *Troxel v. Troxel*, 737 N.E.2d 745, 752 (Ind. 2000), *reh'g denied*).

freestanding claim of error in this post-conviction proceeding.[8] *See Pannell*, 36 N.E.3d at 494; *Perryman v. State,* 13 N.E.3d 923, 938 (Ind. Ct. App. 2014) (holding that a petitioner for post-conviction relief waives issues known at the time of the original trial or available on direct appeal), *trans. denied.*

[18] We now turn to Rohrer's ineffective assistance of trial counsel argument. A claim of ineffective assistance of counsel requires a showing that: (1) counsel's performance was deficient by falling below an objective standard of reasonableness based on prevailing professional norms; and (2) counsel's performance prejudiced the defendant such that "'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Davidson v. State*, 763 N.E.2d 441, 444 (Ind. 2002) (quoting *Strickland v. Washington*, 466 U.S. 668, 687 (1984), *reh'g denied*), *reh'g denied*, *cert. denied*. "A reasonable probability arises when there is a 'probability sufficient to undermine confidence in the outcome.'" *Grinstead v. State*, 845 N.E.2d 1027, 1031 (Ind. 2006) (quoting *Strickland*, 466 U.S. at 694). "Failure to satisfy either of the two prongs will cause the claim to fail." *N.G. v. State*, 971 N.E.2d 1258, 1261 (Ind. Ct. App. 2012) (citing *French v. State*, 778 N.E.2d 816, 824 (Ind. 2002)), *trans. denied*. "Indeed, most ineffective assistance of counsel claims can be resolved by a prejudice inquiry alone." *French*, 778 N.E.2d at 824. Therefore, if we can dismiss an ineffective assistance claim on

---

[8] We recognize that the post-conviction court addressed this freestanding claim. We, however, "do not defer to the post-conviction court's legal conclusions." *Stephenson*, 864 N.E.2d at 1028.

the prejudice prong, we need not address whether counsel's performance was deficient. *Henley v. State*, 881 N.E.2d 639, 645 (Ind. 2008).

[19] The State argues that Rohrer has waived the ineffective assistance of trial counsel claims that he raises on appeal because he did not specifically raise them in his post-conviction petition. The State is correct that "any '[i]ssues not raised in the petition for post-conviction relief may not be raised for the first time on post-conviction appeal.'" *Stevens v. State*, 770 N.E.2d 739, 746 (Ind. 2002) (quoting *Allen v. State*, 749 N.E.2d 1158, 1171 (Ind. 2001), *reh'g denied*, *cert. denied*), *reh'g denied*, *cert. denied* (alteration made in *Stevens*). *See also* Ind. Post-Conviction Rule 1(8) ("All grounds for relief available to a petitioner under this rule must be raised in his original petition.").

[20] Rohrer did not raise these specific ineffective assistance of trial counsel claims (regarding severance, instructions, and consecutive sentencing) in his post-conviction petition. Instead, Rohrer made a general argument that trial counsel had "rendered ineffective assistance at every stage of his pre-trial hearings, trial proceedings, and sentencing hearing." (App. Vol. 2 at 15). Furthermore, the post-conviction court ruled upon Rohrer's ineffective assistance of trial counsel claim based on the assertion of his claim as contained in his post-conviction petition, treating the claim generally as a failure to investigate. The post-conviction court did not review Rohrer's ineffective assistance of trial counsel arguments that he had made during the post-conviction hearing. Because Rohrer did not raise these claims in his post-conviction petition, he has waived appellate review of these assertions of ineffective assistance. *See, e.g.*, *Hollowell*

*v. State*, 19 N.E.3d 263, 270 (Ind. 2014) (holding that the petitioner had waived appellate review of an ineffective assistance of counsel claim that he had argued in his post-conviction hearing but had not raised in his post-conviction petition). *See also Minnick v. State*, 698 N.E.2d 745, 753 (Ind. 1998) (explaining that "[b]ecause the defendant's final amended post-conviction petition did not claim denial of counsel from the failure to request funds, this specific claimed failure is not available in this appeal"), *reh'g denied*, *cert. denied*.

[21] Moreover, even if we were to review Rohrer's ineffective assistance of trial counsel claims, he has waived review of these arguments by failing to make a cogent argument showing that he was entitled to post-conviction relief on his ineffective assistance of trial counsel claims. *See* Ind. App. Rule 46(A)(8)(a). *See also Griffith v. State*, 59 N.E.3d 947, 958 n.5 (Ind. 2016) (noting that the defendant had waived his arguments by failing to provide cogent argument). Furthermore, Rohrer has failed to meet his burden of showing that his trial counsel rendered ineffective assistance. Here, Rohrer's ineffective assistance of trial counsel claims regarding severance, instructions, and consecutive sentencing involve his assertion that trial counsel failed to file a motion and failed to object. To demonstrate ineffective assistance of trial counsel for failure to object or failure to file a motion, a petitioner must prove that an objection would have been sustained or the motion would have been granted if made and that he was prejudiced by counsel's failure to make an objection. *Kubsch v. State*, 934 N.E.2d 1138, 1150 (Ind. 2010), *reh'g denied*; *Talley v. State*, 51 N.E.3d 300, 303 (Ind. Ct. App. 2016), *trans. denied*.

[22] Aside from failing to recognize that his trial counsel did argue against consecutive sentences, Rohrer fails to show that a motion to sever would have been granted or that an objection to instructions or consecutive sentencing would have been sustained. Rohrer does not make a cogent argument and provides only generalized assertions. For example, he contends that if his charges would have been severed, then there "would have been insufficient [evidence] to convict him[.]" (Rohrer's Br. 9). He also asserts that had his trial counsel objected to the imposition of consecutive sentences, then "Rohrer would have had to endure the ineffectiveness of his counsel's actions" and would have been sentenced to six years on only one of his four convictions. (Rohrer's Br. 10). Even if counsel's performance had been deficient, Rohrer has made no showing that there is a reasonable probability that, but for his trial counsel's alleged errors, the result of the proceeding would have been different. Accordingly, we affirm the post-conviction court's denial of post-conviction relief on Rohrer's ineffective assistance of trial counsel claims. *See French*, 778 N.E.2d at 824 (holding that a petitioner's failure to satisfy either of the two prongs of an ineffective assistance of counsel will cause the claim to fail).

[23] Affirmed.

Kirsch, J., and Tavitas, J., concur.