FILED

Oct 02 2024, 9:04 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court





I N  T H E

# Court of Appeals of Indiana

Lindsay E. Willoughby,

*Appellant-Defendant*

v.

State of Indiana,

*Appellee-Plaintiff*

---

October 2, 2024

Court of Appeals Case No.
24A-CR-736

Appeal from the Henry Circuit Court

The Honorable Bob A. Witham, Judge

Trial Court Cause No.
33C01-2309-F4-26

---

**Opinion by Judge Mathias**
Chief Judge Altice and Judge Bailey concur.

**Mathias, Judge.**

[1] Lindsay E. Willoughby appeals his convictions for four counts of Level 4 felony unlawful possession of a firearm by a serious violent felon (the "SVF counts") and one count of Level 5 felony assisting a criminal. He also appeals his adjudication as a habitual offender. Willoughby raises a single issue for our review, namely, whether the trial court committed fundamental error when it did not *sua sponte* bifurcate his trial between the SVF counts and the Level 5 felony assisting a criminal count.

[2] Our Supreme Court has made clear that, if the trial court can imagine *any* viable reason for defense counsel to not object or otherwise to proceed in a certain manner at trial, the trial court has no obligation under the fundamental error doctrine to interject itself into the proceedings on the defendant's behalf. Indeed, to do so would *jeopardize* fundamental due process, not protect it, by asking our trial courts to cease being impartial. The *actual* reasonableness of defense counsel's decision-making and any resulting prejudice from unreasonable actions or omissions of counsel are questions best left to the post-conviction process, where a record of counsel's thought-process may be properly developed and assessed; attempting to assess any such thought-process on a silent direct-appeal record under the fundamental error doctrine is outside the scope of that doctrine.

[3] Our case law has likewise made clear that defense counsel may in at least some circumstances have a viable reason for not requesting severance of SVF counts

from non-SVF counts. Accordingly, we conclude that Willoughby is unable to show fundamental error, and we affirm his convictions and his adjudication as a habitual offender.

## Facts and Procedural History

[4] In November 2018, Willoughby pleaded guilty to Level 5 felony trafficking with an inmate, which is defined by statute as a serious violent felony. *See* Ind. Code § 35-47-4-5(b)(23)(B) (2023). In late 2022 to early 2023, New Castle Drug Task Force officers came to suspect Willoughby of being in possession of firearms, and officers conducted two controlled buys of firearms from Willoughby. Those controlled buys resulted in officers taking possession of both a handgun and a rifle from Willoughby.

[5] On May 2, 2023, a group of juveniles shot Ernest Thornsberry in New Castle with a handgun. The juveniles then fled the scene and went to Willoughby's residence, where they told Willoughby and others what had happened. Willoughby told the juveniles to "wash[] their hands with bleach and to change their clothes," and he helped them hide the handgun "underneath the shed" outside. Tr. Vol. 2, p. 69.

[6] Investigating officers eventually made their way to Willoughby's residence. There, they located and seized the handgun that had been used to shoot Thornsberry. And, while executing a later search warrant, officers found and seized yet another handgun from Willoughby's bedroom.

[7]     The State charged Willoughby with the four SVF counts and with Level 5 felony assisting a criminal. The State also alleged Willoughby to be a habitual offender. The four SVF counts were each premised on Willoughby's prior conviction for Level 5 felony trafficking with an inmate.

[8]     At no point during his ensuing trial proceedings did Willoughby ask the court to sever the charges against him or otherwise to bifurcate the proceedings between the SVF counts and the Level 5 felony assisting a criminal count. The preliminary and final jury instructions informed the jury that the State was required to demonstrate that Willoughby had previously been convicted of Level 5 felony trafficking with an inmate in support of each SVF count. Willoughby did not object to either the preliminary or final jury instructions. And, during his trial, the State offered into evidence, again, without objection, Willoughby's judgment of conviction and sentencing order (which was a single document) on the Level 5 felony trafficking with an inmate offense.

[9]     Following his trial, the jury found Willoughby guilty of the four SVF counts as well as the Level 5 felony assisting a criminal count. Willoughby then admitted to being a habitual offender. After a sentencing hearing, the court entered its judgment of conviction against Willoughby and ordered him to serve an aggregate term of thirty-nine years in the Department of Correction.

[10]    This appeal ensued.

## Discussion and Decision

[11]     On appeal, Willoughby contends that the trial court committed fundamental error when it did not *sua sponte* bifurcate his trial between the SVF counts and the Level 5 felony assisting a criminal count. According to Willoughby, evidence of a defendant's criminal history is generally so prejudicial as to require its exclusion. Yet, for offenses such as the SVF counts, the existence of a certain criminal history is an essential element of the offense. Thus, he continues, where, as here, the State alleges SVF counts along with other non-SVF offenses, bifurcation is mandatory in order to ensure that the defendant's fundamental due process rights are protected.

[12]     As Willoughby did not object to these issues in the trial court, he must demonstrate fundamental error on appeal. Fundamental error is an essential safety-valve doctrine that permits appellate courts to order relief due to an undeniable and substantial error that unfortunately slipped past the trial court; it is not a doctrine that exists to simply give appellants a chance to argue that some unpreserved error should nonetheless be reviewable on direct appeal. As our Supreme Court has made clear, "[a]n error is fundamental, and thus reviewable on appeal, if it made a fair trial impossible or constituted a clearly blatant violation of basic and elementary principles of due process presenting an undeniable and substantial potential for harm." *Durden v. State*, 99 N.E.3d 645, 652 (Ind. 2004). Thus, fundamental error

> is extremely narrow and encompasses only errors so blatant that
> the trial judge should have acted independently to correct the

situation. At the same time, *if the judge could recognize a viable reason why an effective attorney might not object, the error is not blatant enough to constitute fundamental error.*

*Id.* (emphasis added; quotation marks and citations omitted).

[13]     Our case law has repeatedly rejected attempts by appellants to elevate run-of-the-mill trial decisions or omissions to "a challenge to the integrity of the judicial process" under the fundamental error doctrine. *Brown v. State*, 929 N.E.2d 204, 207 (Ind. 2010). For example, we have recognized that "[a]n attorney's decision not to object to certain evidence or lines of questioning is often a tactical decision, and our trial courts can readily imagine any number of viable reasons why attorneys might not object." *Nix v. State*, 158 N.E.3d 795, 801 (Ind. Ct. App. 2020), *trans. denied*; *see also Merritt v. State*, 99 N.E.3d 706, 710 (Ind. Ct. App. 2018) ("The risk calculus inherent in a request for an admonishment is an assessment that is nearly always best made by the parties and their attorneys and not *sua sponte* by our trial courts."), *trans. denied*. Decisions where multiple viable paths forward exist may or may not create Sixth Amendment issues with respect to effective counsel, but they do not result in Fifth Amendment process issues. *See Durden*, 99 N.E.3d at 652.

[14]     That legal foundation resolves Willoughby's appeal. Our courts have recognized viable reasons why a defendant might not insist on bifurcating a proceeding between SVF counts and non-SVF counts. For example, in *Talley v. State*, 51 N.E.3d 300 (Ind. Ct. App. 2016), *trans. denied*, the defendant was convicted of an SVF count along with two counts of resisting law enforcement

following a non-bifurcated trial. We held that the post-conviction court correctly found that defense counsel acted reasonably in not requesting bifurcation in part because "the facts related to the various offenses were interconnected." *Id.* at 304. We further recognized various reasonable strategies defense counsel had in mind in choosing not to request bifurcation, namely, counsel's conclusion that the prior conviction could be properly admitted either as evidence of motive or to argue that the defendant "would never carry a gun because he was a convicted felon." *Id.*

[15] Whether *Talley* is demonstrative of the thought-process of Willoughby's counsel is not a question for us on direct appeal. Indeed, the posture of this appeal necessarily leaves us with no record of any thought-process Willoughby's counsel may have had in not seeking bifurcation or otherwise objecting to the manner of the proceedings in the trial court. What matters for fundamental error review is simply that the question of whether to request bifurcation *can be* a viable or tactical decision of counsel. *Durden*, 99 N.E.3d at 652; *Nix,* 158 N.E.3d at 801. In such circumstances, it is affirmatively *not* the obligation of our trial courts to interject themselves on a party's behalf. *Durden*, 99 N.E.3d at 652.

[16] For all of these reasons, the trial court did not commit fundamental error when it did not *sua sponte* bifurcate Willoughby's trial. We affirm his convictions and his adjudication as a habitual offender.

[17] Affirmed.

Altice, C.J., and Bailey, J., concur.


ATTORNEY FOR APPELLANT

Cara Schaefer Wieneke
Wieneke Law Office, LLC
Brooklyn, Indiana


ATTORNEYS FOR APPELLEE

Theodore E. Rokita
Attorney General of Indiana

Steven J. Hosler
Deputy Attorney General
Indianapolis, Indiana